# Ferris *v.* Montgomery Land & Improvement Co.

*Bill in Equity for Partition of Lands between Tenants in Common.*

1. *Partition between tenants in common, where improvements have been erected.*—If one tenant in common of a tract of land, being in sole possession, erects improvements in good faith on a part of the land, he is entitled to have that part set apart to him in severalty on a partition, provided it does not exceed in value the portion to which he would be entitled if no improvements had been made; and if such improvements are erected by a purchaser to whom he has sold and conveyed a part of the land, this equitable principle may be invoked in his behalf, in a suit for partition of the entire tract at the instance of the vendor, or under a cross-bill filed by himself.

2. *Parties to suit for partition.*—In a suit for partition, all of the tenants in common must be made parties, either as complainants or defendants; and a plea which alleges that the United States owns a part interest, if sustained by proof, is a bar to any partition, unless the United States voluntarily becomes a party.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

The original bill in this case was filed on the 20th August, 1890, by the Montgomery Land & Improvement Company, a

corporation organized under the general statutes of the State, against the heirs at law of Ferrie Henshaw, deceased, and against the Southern Cotton Oil Company, a corporation organized under the laws of New Jersey; and sought a partition of a certain tract of land among the several parties as tenants in common. The tract of land, containing about eighty acres, had belonged to Josiah Morris, who, on the 14th June, 1873, sold and conveyed an undivided half interest, by quit-claim, to E. Beebe and said F. Henshaw, who were at that time doing business in the city of Montgomery as partners under the name of Beebe & Henshaw; and on the 19th January, 1887, by deed which is not set out, he conveyed his remaining half interest to the complainant in this suit. Henshaw died, intestate, during the year 1879, leaving surviving brothers and sisters as his heirs at law. On said 19th January, 1887, Beebe, "individually and as surviving partner of the late firm of Beebe & Henshaw," conveyed their undivided half interest in the land to the complainant, by deed with covenants of warranty. On the 3d September, 1887, the complainant sold and conveyed by quit-claim deed ten acres of the land to the Southern Cotton Oil Company; and that company proceeded to erect valuable improvements on it, worth more than $100,000. On the 28th March, 1889, Henshaw's heirs brought an action at law against said corporation to recover their undivided interest in said ten acres, with rents or damages, on the ground that it did not pass by Beebe's deed to the complainant; and they obtained a judgment in June, 1890, for their undivided one-fourth interest in said ten acres.

On these facts, the bill prayed a partition of the entire tract of land, and offered to let the portion of the Henshaw heirs be allotted out of that part of the land which the complainant still retained. The Southern Cotton Oil Company filed an answer and a cross-bill, declaring its willingness to accept this proposal, setting up an equitable estoppel against the claim of Henshaw's heirs to any part of its improvements, and praying an injunction against them to prevent the enforcement of their judgment at law. Henshaw's heirs filed a demurrer to the bill, and also to the cross-bill, on the ground that it was multifarious, because the complainant had no interest in the ten acres of land which it had sold and conveyed to the Southern Cotton Oil Company, and the latter had no interest in the residue of the tract; and they also filed a plea in bar alleging that the United States owned the interest in the land which had belonged to Beebe, having bought it at a sale under execution against him.

The chancellor sustained the demurrer on the ground of

[Ferris v. Montgomery Land & Improvement Co.]

multifariousness, and overruled the plea; but he overruled the several grounds of demurrer which assailed those averments of the bill which denied the right of Henshaw's heirs to have any part of the ten acres on which the improvements had been erected. The Henshaw heirs appeal from this decree, and assign the latter part of it as error; and there are cross-assignments of error by the complainant and cross-complainant, based on the other parts of the decree.

W. A. GUNTER, for appellants.—1. The appellees are trespassers and disseisors, the recovery in ejectment being *res adjudicata* of this point.—*Kirkland v. Trott*, 75 Ala. 321; *Southern Cotton Oil Company v. Henshaw*, 89 Ala. 448. A disseisor has no right or equity to impròvements erected by him during his trespass and adverse holding, except to set off rents, unless he brings himself within the terms of the improvement statutes.—Sedgwick & Wait on Trial of Title to Land, §§ 690 to 699; *Green v. Biddle*, 8 Wheat., pp. 75, 81–2; *Williams v. Gibbes*, 20 How. 538; *Jones v. N. O. & S. R. R.*, 70 Ala. 227; *Jackson v. Loomis*, 15 Amer. Dec. 347, and note; *Putnam v. Ritchie*, 6 Paige (Law. Coop. Ed.) 390, and note; 2 Kent's Com. 334; *Parsons v. Moses*, 16 Iowa, 444; *Horton v. Sledge*, 29 Ala. 478; *Ormond v. Martin*, 37 Ala. 598; *Pitt v. Moore*, 6 Am. State Rep. 495. A disseisor of an interest less than the whole can not, as to the interest actually disseised, stand in any better attitude than if he had been a trespasser as to the whole. · All disseisors stand alike.—11 Am. & Eng. Ency. of Law, 1107, n. 4; *Austin v. Barrett*, 44 Iowa, 488; Freeman on Co-tenancy & .P., §§ 221 and 228; *Sears v. Sellew*, 28 Iowa, 506; *Jones v. N. O. & S. R. R.*, 70 Ala. 230–1.

2. The equity of a co-tenant to have improvements made by him allotted to him on partition, is founded upon the idea that his possession was not wrongful, that there was no disseisin, and that improvements during such occupancy are erected by the consent, express or implied, of the co-tenant. The improvement must be in good faith, and intended for the joint benefit.—*Putnam v. Ritchie*, 6 Paige, 390; 3 Pom. Eq., §§ 1240 and 1241, and note; *Wilkinson v. Stuart*, 74 Ala. 198; *Nelson v. Clay*, 23 Am. Dec. 387. When such are not the circumstances under which the improvements are erected by a co-tenant, there is no right in a court to interfere in behalf of the improving tenant, unless the tenant whose land is improved has to resort to a court of equity for assistance, or unless there are special circumstances, such as those mentioned just above, attending the possession of the improving tenant

[Ferris v. Montgomery Land & Improvement Co.]

which affect the conscience of the owner, and impose an obligation to pay for improvements.—*Putnam v. Ritchie*, 6 Paige, 390, n.; *Crest v. Jack*, 27 Am. Dec. 353; *Ellett v. Wade*, 47 Ala. 466; Field's opinion in *Jackson v. Ludeling*, 99 U. S. 537; 3 Pom. Eq., § 1241, and n.; *Corbett v. Lawrens*, 5 Rich. Eq. 315; Note to *Pitt v. Moore*, 6 Am. S. Rep. 495; *Ford v. Knapp*, 31 Hun, 522; s. c., 102 N. Y. 135; *Early v. Friend*, 78 A. Dec. 668, n.

3. Every one is conclusively presumed to have inspected the title of his grantor, and to have knowledge of what the chain of title shows. And all persons must take notice of the legal title; and there is no such thing as a *bona fide* purchaser of land who does not get that title.—*Jackson v. Rowe*, 2 Sim. & St. 475; *Johnson v. Thweatt*, 18 Ala. 741; *O'Neal v. Seixas*, 85 Ala. 84; *Neesom v. Clarkson*, 2 Hare, 173; 46 Ala. 664; 57 Ala. 469; 64 Ala. 81; *Alexander v. Kerr*, 19 Am. Dec. 616; *Bassett v. Nosworthy*, 2 Lead. Cases in Eq., 1; *Boone v. Chiles*, 10 Pet. 177; *Holt v. Wilson*, 83 Ala. 538–9.

4. A quit-claim deed gives notice of equities, and *a fortiori* of legal rights. It stamps the possession as suspicious, puts the purchaser on inquiry, and bars the claim of being a *bona fide* purchaser without notice.—*O'Neal v. Seixas*, 85 Ala. 84; *Barcliff v. Lillie*, 82 Ala. 319; *Piatt v. Oliver*, 3 How. 333; *May v. Leclare*, 11 Wall. 217; *Colgrove v. Dickerson*, 100 U. S. 578.

5. A trespass, and especially with notice of the rights of others invaded by the trespass, can not be the basis of an equity, and the party dealing with notice is, to all intents and purposes, an original party.—*Noble v. Moses*, 81 Ala. 530; *Lake v. Gibson*, 1 Lead. Cas. in Eq., 306, *et seq.*; *Goodwin v. Lyon*, 4 Port. 308, and 316; *Gordon v. Tweedy*, 74 Ala. 234.

6. A demurrer only admits matters well pleaded.—*Flewellen v. Crane*, 58 Ala. 627. Fraud and other matters intended to be the basis of relief in equity, must always be stated with such circumstantiality of facts as will enable the defendant to meet the averment with counter evidence, and which facts being true, establish the conclusion of law or fact on which the equity is based. The averments must be plain, unambiguous and direct. Names and dates must be given. And no presumption will be indulged in aid of a pleading which is not the direct and necessary logical result of facts thus averred.—*Flewellen v. Crane*, 58 Ala. 627; *Pickett v. Pippin*, 64 Ala. 520; *Morgan v. Morgan*, 68 Ala. 80; *Chamberlain v. Dorrance*, 69 Ala. 40; *Duckworth v. Duckworth*, 35 Ala. 70; *Bliss v. Anderson*, 31 Ala. 612; *Bailey v. Litten*, 52 Ala. 28; *Robinson v. Moore*, 56 Ala. 241. Averments of

[Ferris v. Montgomery Land & Improvement Co.]

pretension of powers and title in a vendor, and of belief in their truth by a vendee claiming as a purchaser in good faith, must be of such pretensions as might reasonably be believed, and of a belief founded on evidence sufficient to induce it, and not appearances and allegations which reasonable diligence and inquiry would have shown to be false.—2 Lead. Cas. in Eq., part 1, page 66; *Dillard v. Crocker*, 1 Spear Eq. 20. The first allegation of a bill for partition is, that *the parties* "*hold* together and undivided" the *locus in quo*; that plaintiffs and defendants are tenants in common and both seized and possessed of the land. And a bill for partition must show title in complainant.—Freeman on Co-ten. & P., §§ 437, 485; *Horton v. Sledge*, 29 Ala. 493; *Hunnewell v. Taylor*, 3 Gray, 112.

Tompkins & Troy, *contra.*—(1.) The original complainant, being a co-tenant in common with the Henshaw heirs of the entire tract of land, and having sold and conveyed a portion of the tract, may file a bill for the partition of the whole tract, making the vendee a party.—Freeman on Co-tenancy & Partition, § 465; *Sutter v. San Francisco*, 36 Cal. 112; *St. Felix v. Rankin*, 3 Edw. Ch. 325; *Whitton v. Whitton*, 75 Amer. Dec. 163; Knapp on Partition, 377. (2.) The Southern Cotton Oil Company, having bought in good faith, and erected valuable improvements in good faith, is entitled, on partition, to have that part of the land allotted to it in severalty, although it had constructive notice of the title of Henshaw's heirs, and had only a quit-claim deed.—*Hall v. Piddock*, 21 N. J. Eq. 211; 2 Amer. & Eng. Encyc. Law, 446; *Bright v. Boyd*, 1 Story, 478; 2 *Ib.* 605; *Long v. Long*, 62 Md. 33; *Gittings v. Worthington*, 67 Md. 139; *Worthington v. Hiss*, 70 Md. 172; *Almon v. Hawley*, 117 Ind. 532; *Patrick v. Marshall*, 4 Amer. Dec. 670; *Teal v. Woodworth*, 3 Paige, 470; *Town v. Needham*, 3 Paige, 545; *Conklin v. Conklin*, 3 Sandf. 64; *Neesom v. Clarkson*, 4 Hare, Eng. Eq. 97; *Boggess v. Meredith*, 16 W. Va. 29; 1 Story's Equity, §§ 665–57; *Stuart v. Wilkinson*, 74 Ala. 198; 11 N. J. Eq. 550; *Varnum v. Abbott*, 7 Amer. Dec. 88; 100 *Ib.* 137. (3.) The plea was fatally defective, and it was properly adjudged insufficient. The court could not adjudicate the title of the United States, and could not make it a party without its consent; and it was neither a necessary nor a proper party to the suit.—Story's Eq. Pl., § 230; *Kirk v. Sheets*, 90 Ala. 504; 23 Amer. Dec. 170; Freeman on Co-tenancy & Partition, § 502.

WALKER, J.—Josiah Morris, being seized in fee of a tract of land containing seventy-nine acres, in June, 1873, by a deed in which his wife joined, conveyed an undivided one-half interest therein to Eugene Beebe and Ferrie Henshaw, who were partners doing business under the firm name of Beebe & Henshaw. Henshaw died intestate in 1879. In January, 1887, Morris conveyed his remaining undivided half interest in the land to the Montgomery Land & Improvement Company. At the same time, Beebe, claiming and representing that as the surviving partner of Beebe & Henshaw he was fully authorized and empowered by the heirs of Henshaw to sell and convey the entire half interest of himself and the deceased Henshaw, executed to the same company a deed purporting to convey to it that undivided half interest in the land; and that company, relying upon Beebe's statements and declarations, received from him the conveyance undertaking to convey the undivided half interest of Beebe & Henshaw, and paid him therefor. Immediately after the execution of the deeds to it, the Montgomery Land & Improvement Company entered upon and took possession of the entire tract of land. That company, in September, 1887, undertook to sell and convey to the Southern Cotton Oil Company a part of said tract. The part so attempted to be sold and conveyed was a lot containing about ten acres. The Oil Company took possession of this lot, in good faith, believing that the Land & Improvement Company had a good title thereto, and had conveyed the same to it, and erected permanent improvements thereon of the value of one hundred and fifty thousand dollars. Thereafter it was discovered that Beebe had no right to convey the interest of his deceased partner, Henshaw; and the heirs of Henshaw have recovered a judgment at law against the Oil Company for their undivided interest in the lot upon which the improvements had been erected. The original bill in this case was filed by the Land & Improvement Company against the Oil Company and the heirs of Henshaw, for a partition of the whole tract above mentioned. The bill alleges that the tract can be equitably divided, so that the Henshaw heirs may have their respective interests allotted out of the unimproved portion of the tract which the complainant has not attempted to convey; and the complainant offers to allow them to receive, on the partition, their respective portions, out of the unimproved part.

The Oil Company, in its answer and cross-bill, admits the allegations of the original bill, and alleges that at the time of its purchase from the Land & Improvement Company it had no notice or information that the Henshaw heirs, or any other

than its vendor, had any interest in or title to the land; that it took the land described in its deed in good faith, believing that it acquired a good title to the entire interest therein; and that, acting under such belief, it erected the valuable improvements before it had any knowledge or information of the interest or claim of the Henshaw heirs. It accepts the offer of the original bill, that the interest of the Henshaw heirs be allotted to them out of the unimproved land remaining in the possession of the Land & Improvement Company, and by cross-bill prays for a writ of injunction, to restrain the issue and execution of writs of possession on the judgment at law in favor of the Henshaw heirs.

Demurrers and a plea were interposed for the Henshaw heirs to the original bill and to the cross-bill. The plea and some of the grounds of demurrer to the original bill and to the cross-bill were overruled. Other grounds of demurrer were sustained. The appellants are the Henshaw heirs, who assign as errors the rulings adverse to them. There are also cross-assignments of errors by the complainant in the original bill andt he complainant in the cross-bill, respectively.

When the Land & Improvement Company took possession of the entire tract under the deeds from Morris and Beebe, though, in ignorance of the interests of the Henshaw heirs, it claimed the land as sole owner, yet, in reality, the extent of its right was that of a tenant in common with them. The interest which it had acquired gave it an equal right with them to occupy the premises. One tenant in common can not be deprived of the right to use and enjoy the common property because his co-tenants are willing to let the property lie idle, or fail or refuse to set up any claim to it; and while he is thus left in sole possession, he may manage the common property in any way he pleases, provided he does not injure his co-tenants.—*Newbold v. Smart*, 67 Ala. 326; *Gayle v. Johnston*, 80 Ala, 395. He may cultivate or improve the property, and the plain dictate of justice is that he is permitted to enjoy the fruits of his own labors, unless that result involves some infringement upon the rights of his co-tenants who stand off and forbear to make any use of the property. The tenant out of possession may at any time assert his right to share in the possession, or he may have the property partitioned by a division among the co-tenants in severalty, each taking a distinct part according to the extent of his interest. He can not complain of the mere possession of a co-tenant so long as he refrains from setting up any claim to share in that possession. And if in the partition the part of the property which he receives is as much us he would have been entitled to if his

co-tenant had not been in possession at all, then, certainly, it can not be said that his share in the property has been diminished by the fact that his co-tenant has improved the part which is allotted to him in the division. This court has not been unmindful of the equitable claim of a tenant in common who has in good faith expended his labor and capital in the improvement of property of which he has had sole possession while his co-owners have abandoned or neglected it; but this equitable claim is not permitted to impair the right of the co-tenant out of possession, or to hinder or burden him in the partition of the property. Improvements which have been made by the tenant in possession either cover so much of the common property that the parts which the co-tenants out of possession are entitled to receive on a partition can not be set off to them without including a portion of the improvements, or they cover no more than the part which may be allotted to the occupying tenant. In the former case, the tenant who has made the improvements must suffer a loss as to part of them, unless his co-tenants are required to compensate or reimburse him therefor. In the latter case, the co-tenants who have not been in possession may get their full share of the property without any of the improvements. In the one case, if the tenant who has had nothing to do with making the improvements is required to contribute to the payment therefor, to this extent his right to a partition is burdened and incumbered as the result of the fact that improvements have been made. In the other case, he may get his full share of the property, and he is not injured by the allotment to the occupying tenant of the part of the land which the latter has improved.

There have been cases in this court involving the claim of one tenant in common to compensation from his co-tenants for improvements made by him on the common property; and also cases in which the claim of the improving tenant was merely to have the part of the property which he had improved allotted to him, so that his co-tenants who had contributed nothing in the improvements should receive their parts of the common property out of the unimproved portion thereof. In the former class of cases, the claim to compensation for improvements made was not denied, but the amount of the compensation was not permitted to go beyond the amount of the rents charged against the improving tenant.—*Horton v. Sledge,* 29 Ala. 498; *Ormond v. Martin,* 37 Ala. 598; *Turnipseed v. Fitzpatrick,* 75 Ala. 304. In the latter class of cases, there has been a full recognition of the equitable rule, that the court, if it is practicable, should so order the partition as to give the

[Ferris v. Montgomery Land & Improvement Co.]

benefit of any improvements made on the premises to him who may have erected or made them; and this is done by assigning to such part owner the portion of the estate on which such improvements are situated.—*Donner v. Quartermas.* 90 Ala. 164; *Wilkinson v. Stuart,* 74 Ala. 198; *Sanders v, Robertson,* 57 Ala. 465. In each of the classes of cases, the equitable claim of the one who has made the improvements is recognized and is enforced, so far as such enforcement does not involve an impairment of the rights of his co-tenants. There is a conflict in the authorities upon the question of allowing a co-tenant, on partition, to recover compensation for improvements made by him without the assent of his co-tenants; but, in cases where one co-tenant has improved only a parcel of the premises which does not exceed his share of the whole tract, the generally, if not universally, recognized rule in courts of equity, is to have allotted to him, in a partition, the parcel which has been enhanced in value by his expenditures and industry.—Freeman on Co-tenancy and Partition, (2d Ed.), §§ 509–510, and 511; *Robinson v. McDonald,* 62 Am. Dec. 480, and note; *Nelson v. Clay,* 23 *Ib.* 387; *St Felix v. Rankin,* 3 Edwards' Chan. 323. When the equitable claim of the improving tenant can be fully recognized and protected by awarding him the part which he has improved, the question of requiring the other co-tenants to make compensation for the improvements is not involved. They get their full shares of the property, without any charge or burden upon them because of the improvements.

The equity of a co-tenant to have the part of the common property which he has improved allotted to him on a partition is not founded upon the idea that he made the improvements with the consent, express or implied, of his co-tenants. In *Donner v. Quartermas, supra,* and in *Sanders v. Robertson, supra,* the co-tenants in whose favor respectively this equity was recognized, had made the improvements while claiming to be sole owners of the common property, and while in adverse possession thereof; and in *Wilkinson v. Stuart, supra,* the rule is so stated by the court as to cover the case of a tenant who makes improvements upon the common estate without the authority of his co-tenants. In *Horton v. Sledge, supra,* it was declared that the improving tenant was not entitled to compensation for improvements to the extent of the rents charged against him, unless he made the improvements at a time when he really and *bona fide* believed himself to be the true owner of the land, and unless he was induced to make those improvements by that belief really entertained. The authorities generally, both in cases where compensation for

[Ferris v. Montgomery Land & Improvement Co.]

improvements is allowed, and in cases where the improved portion of the estate is allotted to the co-tenant who has expended his labor and capital thereon, treat the fact that the improvements were made by one who supposed himself to be legally entitled to the whole premises as an equitable consideration in his favor.—1 Story's Eq. Juris. § 655; Sedgwick & Wait on Trial of Title to Land, §§ 693 and 694; *Pitt v. Moore*, 6 Am. St. Rep. 495, note; *Patrick v. Marshall*, 4 Am. Dec. 670; and authorities cited *supra*. Where it is practicable, without injury to the other co-tenants, to allot the improved portion to the one who made the improvements, the reason for making such allotment depend upon the existence of the fact that he believed himself to be the sole owner of the entire tract does not apply, as in cases where compensation for improvements is charged against the other co-tenant; for the allowance of compensation, though it is not permitted to go beyond the amount of the shares of the rents to which the other co-tenants would be entitled, is still a charge upon them to that extent; while, if they get their shares in full out of the unimproved portion, and are not required to make compensation in any way, the fact that improvements have been made does not affect their rights in the partition. The recognition in this way of the equitable claim of the tenant who has made improvements, in no way impairs the rights of his co-tenants on a partition. A court of equity will not allow one man to deprive another of the fruits of his labors and expenditures, if such an unconscionable result may be avoided consistently with the security to each of them of the full measure of all that he is entitled to claim. In such case, we think that the true rule is expressed in the opinion in *Hall v. Piddock*, 21 N. J. Eq. 314, where it was said: "The only good faith required in such improvements is that they should be made honestly for the purpose of improving the property, and not for embarrassing his co-tenants, or incumbering their estate, or hindering partition." The co-tenant, whether he supposes himself to be the sole owner, or knows that there are others who are owners in common with him, is entitled to occupy and use the property, though his co-tenants fail or refuse to share with him in the enjoyment thereof; and if, in the course of his use and occupation, he makes improvements on a part of the common property in good faith, and without any intention of embarrassing or obstructing a partition, or gaining an advantage therein, there is no good reason why he should not be allowed to retain the part improved by him, if his improvements in fact do not constitute a hindrance or obstacle in the way of the other co-tenants getting their full shares on

the division of the property. A court of equity will simply so order the partition as to secure the rights of all parties, without visiting an unnecessary hardship upon any of them. In the present case, if the facts were just as they are disclosed by the original bill, except that the Land & Improvement Company had made no conveyance of any of the land, but had erected the improvements on the parcel now held by the Oil Company, there could be no doubt of the propriety of allotting that parcel on a partition to the Land & Improvement Company.

It is insisted, however, that the conveyance to the Oil Company can not be allowed to have the effect of conferring upon that company an equity to have allotted to it, on a partition of the whole property, the parcel which it holds under a conveyance from only one of several tenants in common. So far as the grantor's co-tenants are concerned, the extent of the operation of his conveyance was to transfer to his grantee his undivided interest in the particular parcel therein described. Such a conveyance is ineffectual to prejudice or abridge the rights of the co-tenants who do not join in it; for each tenant in common has an undivided interest in the whole tract and in every part of it, and the right of one of them in any part of the property can not be impaired by the act of another. The conveyance does not, so far as the co-tenants who did not join in it are concerned, sever the special tract therein described from the general tract to which the tenancy in common extends. They still have the same interest in the part of the property described in the conveyance as they had before it was executed. They are still entitled to a partition, and may have their shares in the property set off to them in severalty, just as if no conveyance had been made. Their rights are not increased or diminished. The grantee is simply clothed with the rights of his grantor in the special tract described in the conveyance. *Ward v. Corbett*, 72 Ala. 438. The tenants in common who did not join in the conveyance do not acquire, in consequence thereof, any greater rights in the common property, or in any part of it, than they had before. They have no more right to demand that the particular tract described in the conveyance, or any part of it, be allotted to them on a partition, than they would have had if the conveyance had not been made.

We have seen that, if one tenant in common deals in good faith with a part of the common property as if he were the sole owner thereof, by erecting improvements on his own account, he will be allowed, on a partition, to retain the improved part, if that does not involve any prejudice to the rights of his co-owners. If the improvements are made, not by the original

tenant in common, but by his grantee, we can perceive no good reason why the latter should not have the benefit of the same measure of protection which a court of equity would have afforded to his grantor if no conveyance had been made. There is abundant support in the best authorities for the rule, that in making the partition in such a case, if the part sold and conveyed by one tenant in common can be assigned to the purchaser as a part or the whole of the share of his grantor without prejudice to the grantor's co-tenants in the original tract, it will be so assigned.— *Young v. Edwards*, 10 L. R. An. 55; *Gittings v. Worthington*, 67 Md. 146; *Boggess v. Meredith*, 16 W. Va. 28–29; *Worthington v. Staunton*, Ib. 208; *Teal v. Woodworth*, 3 Paige Ch. 472; *St Felix v. Rankin*, 3 Edwards' Ch. 323; *Cameron v. Thurmond*, 56 Tex. 22; 11 Am. & Eng. Encyc. of Law, 1092–1093; Freeman on Cotenancy & Partition, §§ 199 to 205. Under this rule, the grantee merely has the benefit of the equitable claim which would have been recognized in favor of his grantor if no conveyance had been made. The other tenants in common are not allowed to disregard the conveyance so far as it could prejudice their rights, and, at the same time, give it such effect as to secure to them an equitable advantage which they would not have had if the grantor had made no transfer but had improved part of the property himself.

"There can be no doubt that the grantee of the specified parcel will become seized thereof in severalty if, upon partition, it should be assigned to him or to his grantor; and that if not so assigned. he will lose his entire interest. He is more deeply interested in the partition than are any of the tenants in common of the entire tract. It matters little to them where their respective properties may be located. But with the grantee of a special location, it is all important that such a division may be made as will allow his deed to become operative. He is entitled to the consideration of the court, and will, whenever his claims are known to the court, be protected as far as possible, without doing injustice to the co-tenants of the whole tract. He has therefore been regarded as a proper party defendant, even in States where his conveyance has been spoken of as void against the co-tenant of his grantor."—Freeman on Co-tenancy & Partition (2d Ed.) § 465. Whether the partition is sought by the grantor who retains an undivided interest in the remaining portion of the original tract, or by his co-tenants who did not join in his conveyance, it is proper to make the grantee of a specific portion a party defendant, so as to afford him an opportunity to assert his derivative equitable claim, to the end that the

rights of the co-tenants who are still entitled to a partition of the entire tract may, if practicable, and without prejudice to them, be satisfied by an allotment of their shares out of that part of the original tract which was not included in the conveyance. The equitable claim of the purchaser from one tenant in common, founded upon the fact that he has, in good faith, and without any purpose of embarrassing a partition, undertaken to acquire and has improved the parcel of land described in his deed, is not to be defeated by denying him the right to be a party to the proceeding in which the claims of other parties to the property in question may be so adjusted as to afford him protection. This can be done effectually only in a suit for a partition of the original tract. The grantee in a conveyance of a part of that tract from one of the tenants in common is a proper party to such a suit, because of his interest in having the partition so directed as to protect him, so far as that may be done without prejudice to the rights of the other co-tenants in common.—*Gates v. Salmon*, 35 Cal. 588; *Sutter v. San Francisco*, 36 Cal. 115; *Harlan v. Langham*, 69 Pa. St. 235; *Whitton v. Whitton*, 38 N. H. 127; 75 Am. Dec. 163; *Batterson v. Childs*, 54 Am. Dec. 539. The claim of such grantee constitutes an equity which is involved in a partition of the original tract, and may be recognized and brought to the attention of the court in an original bill filed by others interested in the partition of the common property, or the grantee may propound it in a cross-bill.

The averments of the bill show that the Land & Improvement Company acquired Beebe's undivided one-fourth interest in the entire tract. The plea of the Henshaw heirs alleges that that interest belongs to the United States. This is merely a denial of a part of the title claimed by the complainant in the original bill and the complainant in the cross-bill. "In suits for the partition of lands, if the defendant denies the title of the complainant, the chancellor need not dismiss the bill, or delay the suit until a trial can be instituted and had at law, but may direct the issue as to the title of the complainant to be tried as other issues of fact are triable."—Code of Ala., § 3588; *McMath v. DeBardelaben*, 75 Ala. 68; *McQueen v. Turner*, 91 Ala. 273. If the denial of the plea is sustained by the proof, there can be no partition unless the United States becomes a party to the suit, so as to be bound by the result thereof; for it is indispensable, in a suit for partition, that all co-tenants not uniting in the bill be made parties defendant.—Freeman on Co-tenancy & Partition (2d Ed.), § 463. The United States can not be made a party defendant without

its consent. If the denial of the plea is not supported by the proof, there will be no obstacle to the rendition of a final decree. If the proof sustains the averments of the plea, the complainant may desire to have the United States made a party to the cause. It will then be a question whether the bill should be summarily dismissed because of the inability of the complainant to bring a necessary party before the court, or should be retained and the equities of the parties now before the court protected until the absent party shall choose to submit itself to the jurisdiction of the court, or to assert its right to a partition in some other proceeding, in which the equities of all the parties in interest may be adjusted. As that question is not now presented, we will not undertake to decide it.

The demurrers to the original bill and to the cross-bill should have been overruled. The plea of the Henshaw heirs is sufficient, and should have been sustained. The ruling on the motion to require the cross-complainants to give an additional bond will not be disturbed. As each of the assignments of errors is sustained in part, the costs of appeal will be equally divided between the three parties.

Reversed and remanded.

CLOPTON, J., not sitting.

