# Ezzell v. Brown.

*Bill in Equity to Reform Deed to Land; Cross-bill to Declare the Deed Void*

1. *What sufficient description of certain land.*—The lands lying west of the Chickasaw boundary line are not described in the government survey by sections, townships and ranges. Hence, the description of land in a bill as the north fractional half of sec. 35, T. 6, R. 13, in Franklin county, Alabama, is sufficiently definite and certain without locating it east or west of that line, since the land west of it is no part of said section.

2. *Admission of facts of bill in answer; effect of.*—Where the answer to a bill in chancery admits the facts in the bill no further evidence is necessary.

3. *When note not evidence without proof of its execution.*—A promissory note made an exhibit to a cross bill is not evidence as against the complainant to the original bill, who was a stranger to the transaction, without proof of its execution; nor are its recitals evidence of any debt against such complainant.

[Ezzell v. Brown.]

4. *When recital of consideration in a deed not evidence.*—As between the creditors of a grantor in a deed, when such relation is proved to have existed, and the grantee, the consideration recited in the deed is not evidence of its existence, but must be proved by independent competent evidence.

5. *When vendee must prove consideration of a deed.*—The burden of proof of the consideration recited in a deed, is not put on the vendee of the land conveyed by the deed, until the person who assails it proves he was a creditor of the vendor prior to the execution of the deed.

6. *Caveat emptor, when doctrine applies.*—The purchaser of land at an execution sale is not an innocent purchaser without notice—the doctrine of *caveat emptor* applies.

APPEAL from the Chancery Court of Franklin.

Heard before the HON. W. H. SIMPSON.

Josephine Brown brought her bill against Laura O. Ezzell to reform a deed executed to complainant by her husband and to enjoin action at law by defendant to recover the land. The defendant answered admitting the facts stated in the bill; but filed a cross-bill averring that she was a creditor of complainant's husband prior to the execution of the deed, and that the consideration recited in it was fictitious. The complainant in the cross-bill made no proof that she was such creditor. The complainant to the original bill denied the allegations of the cross-bill. The other facts are set out in the opinion The chancellor rendered a decree in favor of the complainant to the original bill and the decree is here affirmed.

W. H. KEY, for appellant.—(1). No proof being submitted in this case complainant must fail.—*Johnston v. Crutcher*, 48 Ala. 368; 3 Brick. P.358, Sec. 379. (2). The law presumes that the deed in this case was void because respondent's debt was in existence at the date of its execution.— *Kelly v. Connell & Green*, 110 Ala., 543; *Reeves v. Shipper*, 94 Ala. 407.

THOMAS R ROULHAC, also for appellant.—(1). Where a cause is submitted on the bill and answer the denials of the answer must prevail.—*Lathan v. Staples*, 46 Ala. 461; 2 Dan. Chan. Prac. p. 826. (2). When a debt of a

grantor exists before the conveyance was executed by him the grantee in the conveyance must prove a sufficient valuable consideration to support her conveyance as against the creditor.—*Caldwell v. Pollak,* 91 Ala. 356; *Uelnither v. Brigham,* 74 Ala. 598; *Mobile v. McDonnell,* 89 Ala. 445; (3). Mrs. Ezzell was a *bona fide* purchaser without notice.—*Bailey v. Timberlake,* 74 Ala. 224; *Wilson v. Holt,* 83 Ala. 539; *Griffin v. Hall,* 115 Ala. 649.

ALMON & BULLOCK, *contra.*
No brief came to the hands of the reporter.

TYSON, J.—The bill in this cause was filed for the purpose of correcting a misdescription of lands sought and intended to be conveyed by the deed from complainant's husband to her and to enjoin the prosecution of an action of ejectment brought by the appellant to recover them.

The bill avers that the correct description of the lands is north fractional half of section 35, T. 6, R. 13 in Franklin county, Alabama, while the description in the deed was by mistake written as "the fractional half of section 35, T. 6, R. 13 west." Section 35, T. 6, R. 13 in Franklin county is a fractional section containing only 368.21 acres, lying east of the Chickasaw boundary line.

The first contention of appellant, respondent in the court below is, that the description in the bill is indefinite, because it fails to locate the lands east or west of the Chickasaw boundary line. The lands west of this line are no part of section 35. And they are not described in the government survey by section, townships and ranges. The description in the bill of the land is sufficiently definite and certain.

All the material averments of the bill are expressly admitted by the answer and the complainant was not therefore compelled to resort to testimony to establish her case as made by her bill.

The cross-bill sought to have the deed proposed to be executed to complainant by her husband declared fraudulent against the respondent as a creditor of the grantee's husband. To this end it is alleged that the re-

cited consideration in the deed sought by the complainant to be corrected was simulated and fictitious. The only allegation of indebtedness by complainant's husband to the complainant in the cross-bill is that he executed and delivered his promissory note to one John T. Ezzell, dated March 20, 1893, due December 25th, 1893, and transferred to the complainant on the 6th day of October, 1894, for fifty dollars; and reduction of the note to judgment before a justice of the peace, issue of execution, levy of execution upon these lands, order of sale of the lands on motion in the circuit court and deed by sheriff to the complainant in the cross-bill. The note and written transfer thereof were made exhibits to the cross-bill. The answer of complainant in the original bill to the cross-bill denies the averments of the cross-bill.

The cause was submitted upon original bill and exhibits thereto, answer to cross-bill, decree *pro confesso* against complainant's husband, answer and cross-bill and exhibit thereto, for final decree. A transcript of the judgment, as alleged in the cross-bill, by the justice of the peace upon the note was not an exhibit to the bill or cross-bill. In fact the only exhibit to the cross-bill was the note and its transfer. There was no evidence offered to prove the execution of the note and none to prove the existence of the debt it purported to evidence. Certainly the note as against the complainant was not competent evidence without proof of its execution, nor were its recitals evidence of any debt against her, she being a stranger to the transaction.—*Garrett v. Garrett,* 64 Ala. 263.

There being no proof that complainant in the cross-bill was a creditor prior to the execution of the deed assailed, the burden of proof was never shifted to the complainant in the original bill to prove the *bona fides* of the consideration expressed in the deed from her husband to her.—*Smith v. Collins & Griffeth,* 94 Ala. 394; *Chipman v. Glennon,* 98 Ala. 263; *Mobile Savings Bank v. McDonnell,* 89 Ala. 434. As between her and her husband the consideration recited in the deed was conclusive as to its character, and could not have been shown by him to have been other and different than as expressed, though

as against his creditors, it may have been shown by them to have been simulated or the deed to have been a voluntary conveyance. In other words as between the creditors of the grantor when such relation is proven to have existed, and the complainant, the consideration recited in the deed is not evidence of its existence, but must be proven by independent competent evidence.—*Houston v. Blackman,* 66 Ala. 562 and authorities there cited.

The complainant in the cross-bill as purchaser cannot invoke the doctrine of *bona fide* purchaser for value, without notice. The rule of *caveat emptor* applies to judicial sales.—*Goodbar, White & Co. v. Daniel,* 88 Ala. 583 ; *Thomas v. Glazener,* 90 Ala. 538 ; *Lindsay v. Cooper,* 94 Ala. 170 ; *Clemmons et al. v. Cox,* 114 Ala. 350.

There was no error in the decree of the chancellor dismissing the cross-bill and granting the relief prayed for in the original bill.

Affirmed.