[McDaniel, et al. v. Louisville & Nashville R. R. Co.]

# McDaniel, *et al. v.* Louisville & Nashville R. R. Co.

## *Bill for Partition.*

(Decided May 21, 1908.   46 South. 981.)

1. *Partition; Sale for Division; Improvement.*—Where a railroad company in good faith accepted a deed from one S. and his daughters, who were living on the land, believing that they were the owners thereof, and paid therefor the sum of $80 and went into the possession of the land and erected improvements thereon in the sum of $2.000 in a suit for partition between the complaining railroads and those whom it discovered were tenants in common, subsequent to the execution of its deed, such railroad was entitled on sale and distribution of the proceeds to be allowed the value of the land as enhanced by the improvements over and above the value of the land as unimproved, in addition to the interest of one of its grantors in the land as unimproved; the respondent should be allowed the rental value of the land in their proportion as unimproved, if any.

2. *Equity; Bill; Demurrer.*—A demurrer purporting to be a demurrer to the entire bill but which only questions the right of complainant to have an attorney's fee out of the proceeds of the land sought to be sold for division was properly overruled.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Bill by the Louisville & Nashville Railroad Company against M. J. McDaniel and others for the sale of certain real estate held in common, for division. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

ROBINSON BROWN, for appellant. Counsel for appellant cite the following cases to the effect that the respondents having brought their ejectment suits the jurisdiction of the law court attached and should not be interrupted.—*Abercrombie v. Baldwin,* 15 Ala. 363; *Southern Cotton Oil Co. v. Henshaw,* 40 South. 760; *Wilkerson v. Stewart,* 74 Ala. 198; *Walker v. Crawford,* 70 Ala. 567; Tiedman Real Property 247, et. seq. As to attor-

ney's fees he cites the following.—*Randolph v. Builders & Painters Supra Co.,* 17 South. 721. On the question of the division of the proceeds he cites the following.— *Horton v. Sledge,* 29 Ala. 478; *Marshall v. Marshall,* 5 South. 476; *Donough v. Quarterman,* 8 South. 718; *Wilkerson v. Stewart, supra; Turnipseed v. Fitzpatrick,* 75 Ala. 305; *Ferris v. M. L. & I. Co.* 10 South. 607; *Ormond v. Martin,* 37 Ala. 598; *Stein v. McGrath,* 30 South. 792; *Moore v. Thorpe,* 7 L. R. A. 731; Freeman on Co-Tennancy, sec. 511.

J. M. Foster, for appellee, cited *Ferris v. Montgomery, etc. Land Co.,* 94 Ala. 557, 10 South. 607, 33 Am. St. Rep. 146; *Wilkerson v. Stuart,* 74 Ala. 198; *Ward v. Ward,* 40 W. Va. 611, 21 S. E. 746, 29 L. R. A. 449, 52 Am. St. Rep. 911; *Moore v. Thorp,* 16 R. I. 655, 19 Atl. 321, 7 L. R. A. 731; *Louvalle v. Menard,* I Gilman (Ill.) 39, 41 Am. Dec. 161; *Kurtz v. Hibner,* 55 Ill. 514, 8 Am. Rep. 665; *Fenton v. Miller,* 116 Mich. 45, 74 N. W. 384, 72 Am. St. Rep. 502; *Clapp v. Nichols,* 31 App. Div. 531, 52 N. Y. Supp. 128; Id. 32 App. Div. 628, 53 N. Y. Supp. 1101; *Ford v. Knapp,* 102 N. Y. 135, 6 N. E. 283, 55 Am. Rep. 782; *Moore v. Williamson,* 10 Rich. Eq. (S. C.) 323, 73 Am. Dec. 93; *Broyles v. Waddel,* 11 Heisk. (Tenn.) 32; *Prather v. Prather,* 139 Ind. 570, 39 N. E. 310; *Alleman v. Hawley,* 117 Ind. 532, 20 N. E. 441; Freeman on Co-Tenancy (3d Ed.) § 510, and note; *Killmer v. Wucher,* 79 Iowa, 722, 45 N. W. 299, 8 L. R. A. 289, 18 Am. St. Rep. 392; *Robinson v. McDonald's Widow & Heirs,* 11 Tex. 385, 62 Am. Dec. 480, and note; *Leak v. Haynes,* 13 Wash. 213, 43 Pac. 48, 52 Am. St. Rep. 34; *Ballou v. Ballou,* 94 Va. 350, 26 S. E. 840, 64 Am. St. Rep. 733; 16 Am. & Eng. Enc. of Law (2d Ed.) p. 116; *Sanders v. Robertson,* 57 Ala. 465; *Horton v. Sledge,* 29 Ala. 498; *Ormond v. Martin,* 37 Ala. 598.

DENSON, J.—The case presented by this bill is in brief this: Thomas L. Shamblin was in possession of and claiming to own a tract of land, a part of which (about half an acre) the Louisville Railroad Company desired to purchase, for the purpose of erecting thereon certain necessary section houses. On the 20th of April 1904, the company, through its agent, succeeded in making the purchase, and took a deed to the half acre, duly executed by Shamblin and two of his daughters, who were living with him on the premises. After the purchase was consummated the company erected improvements on the land to the value of $2,000. Subsequently Shamblin died, and it turned out that he had in 1894 executed a deed to certain lands, including that parcel purchased by the company, to the respondents in this bill and Easter E. Moses; the latter being one of the grantors in the company's deed. So that, instead of getting a title to the entire interest in the half acre, the company in reality acquired only an undivided one-fourth interest; that being the interest which, under the deed of 1894, was conveyed to Easter E. Moses. The bill shows that the company entered into possession of the land and made the improvements thereon in the bona fide belief that it held and owned the half acre exclusively and in fee simple. After Shamblin's death the respondents (tenants in common with the company of the half acre) demanded of the company that it pay them $1,200 for their undivided interests in the land, or vacate. This the company refused to do; and the respondents instituted an action of trespass to try title (statutory ejectment) against the company and its tenants in possession. Thereupon this bill was filed by the company, as a tenant in common with the plaintiffs in the ejectment suit, against them, to have the land sold for division amongst the joint owners. The prayer of

SUPREME COURT

the bill is for a sale, and that, upon the distribution of the proceeds, the company be allowed the value of the lands, as enhanced by the improvements, over and above their value as unimproved, in addition to one-fourth of the value as unimproved, allowing the respondents their proportion of the rental value as unimproved, if any. The respondents, by demurrer, join issue with the company on the proposition that it is entitled to compensation for the improvements made. From a decree overruling the demurrer to the bill, this appeal is taken.

The demurrants, while recognizing the established principle that, in suits for partition, "equity will take into consideration the fact that one tenant in common has occupied a portion of the common property and has enhanced its value by making useful improvements thereon, and will, so far as it can do so consistently with an equitable allotment, assign to the tenant making such improvements the land on which they stand, or so much thereof as represents his proportion," contend and argue that this principle does not apply and cannot be extended to cases in chancery, in which a sale of the land and division of the proceeds are prayed for. The foundation upon which the contention and argument seems in the main to be based is that, the jurisdiction of the chancery court to make a sale of lands for division being statutory, that court is limited, in its exercise, to a division of the proceeds of sale according to the interests of the several parties, and possesses no power to adjust any equities claimed in respect to improvements. The jurisdiction to order the sale is statutory, but, notwithstanding this, even on bills for partition, such as that court had original jurisdiction of, when exact or fair division in kind was impracticable, "the court could compensate for an inequality by a pecuniary compensation

charged on the land by way of rent or servitude, could direct an account of rents and profits received by one of the joint owners, and award compensation to a joint owner for improvements made by him, either by assigning him that part of the land on which the improvements were located, or by setting off their value against rents and profits."—*Marshall v. Marshall,* 86 Ala. 383, 387, 5 South. 475, 476   The court in the case cited said: "The court acted upon the familiar principle that, having acquired jurisdiction of the subject on a special ground of equity, it will employ its powers to adjust the equities between the parties, growing out of their ownership and relation to the property and the connection of their interests with those of their co-tenans and with the general right and equity of the complainant." The court having jurisdiction to make the sale, the equity sought to be worked out by the bill in the present case is that, the improvements having been made at a time when the complainant's agents really and in good faith believed it to be the true owner of the land, "a court of equity will not allow respondents to deprive complainant of the fruits of its labors and expenditures, if such an unconscionable result may be avoided consistently with the security to each of them of the full measure of all that he is entitled to claim."—*Ferris v. Montgomery, etc.,* 94 Ala. 557, 566, 10 South. 607, 33 Am. St. Rep. 146; *St. Felix v. Rankin,* 3 Edw. Ch. (N. Y.) 324.

It is said by counsel that there is no precedent in Alabama for the enforcement of the right here set up by the complainant; but this is not a sufficient argument for holding that such a right may not be enforced.   Though the jurisdiction was conferred by statute on the chancery court to decree a sale of land for division, yet it is true the statute did not in words provide that the court should have jurisdiction to so mold its decrees as to ad-

just inequalities which might exist amongst the parties in respect to the land; but, the jurisdiction being conferred to order the sale, if it should be shown that the land cannot be equitably partitioned without a sale, we have no doubt that the court, by its inherent and original jurisdiction, may adjust all incidental matters so as to bring about and secure an equitable division of the proceeds arising from the sale. To hold otherwise would be, it seems to us, to make the statute inefficient and to thwart the obvious purposes of the enactment. In partition suits, this court has recognized and enforced the equitable rule that the court, if it is practicable, should so order the partition as to give the benefit of any improvements made on the premises to him who may have erected or made them; and this is done by assigning to such part owner the portion of the estate on which such improvements are located. The only qualification of the rule is that there must be no impairment of the rights of the co-tenants. In *Ferris v. Montgomery*, etc., 94 Ala. 557, 10 South 607, 33 Am. St. Rep. 146, will be found an admirable review of our cases on the different phases of the subject as well as a restatement of the principles which govern. There we find this statement: "When the equitable claim of the improving tenant can be fully recognized and protected by awarding him the part which he has improved, the question of requiring the other cotenants to make compensation for the improvements is not involved. They get their full shares of the property, without any charge or burden upon them because of the improvements."

In this case the purchase price paid by complainant for the land was $80, and it is averred that this was the fair and reasonable value before the improvements were made. It is true the respondents' deed was of record when complainant made its purchase, and that this was constructive notice of their title; but it does not prevent the complainant from asserting that the improvements were made while complainant in good faith believed it was the exclusive owner. It is not a question of superiority of title, but purely one of good faith in the claim of ownership and in the erection of improvements. It cannot be denied that the improvements enhanced the value of the property; and if it is shown that the property cannot be equitably divided without a sale, and a sale is had, then, under the circumstances, to hold that the respondents should have (of the proceeds) three-fourths of an amount which would represent the real value of the land without the enchanced value arising from the improvements, and of their reasonable rental value, would, we think, do them no injustice, but would give them what in equity and good conscience they are entitled to. On the other hand, if the complainant, in good faith and believing it was the exclusive owner of the land, made the improvements, then to allow the respondents to share the proceeds of the sale according to their several interests in the land, irrespective of the enhanced value thereof at the time of the sale by any reason of the improvements, would be taking from the complainant something for nothing and bestowing it upon the respondents. This would be inequitable and unjust. If the court, in a partition proceeding, may adjust such inequalities by allotting to the improving tenant the part of the land on which the improvements rest, we see no sound reason for withholding such power in a sale for division proceeding. It may cer-

tainly be as easily and accurately accomplished in the latter as in the former proceeding, and that, too, without any prejudice to the rights of the co-owners. "It would be doing harm to none and justice to all." In the latter case the others get just what they would have received, without the improvements, and the one making them is reimbursed without injury to any one. While we may have no case in which the principle involved has been applied in a proceeding to sell for division, there are decisions by respectable courts in other jurisdictions in which it has been so applied; and we think they are rested on sound reasoning and equity. For the cases, see brief of appellee's counsel. We therefor hold that the demurrer, raising the point discussed, was properly overruled.

The bill does not pray for an injunction, nor has an injunction been granted. Therefore the demurrer in respect to the granting of an injunction is not well made.

The bill contains a prayer that the complainant be allowed a reasonable solicitor's fee to be paid out of the gross proceeds of the sale, and to be taxed as costs against the respective shares of the tenants in common, in such proportion as the court may deem just and right. It is sufficient to say, of the ground of demurrer which questions the right of complainant to have an attorney's fee awarded, that it goes to the entire bill, and that for this reason, if for no other, it was properly overruled.— 6 Ency. Pl. & Pr. 416-418.

The decree of the chancellor is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and McCLELLAN, JJ., concur.