(132 So. 713)

## CHAMBERS v. HUNTON.
### 6 Div. 796.

Supreme Court of Alabama.
Jan. 15, 1931.

Rehearing Denied March 19, 1931.

Foster, Rice & Foster, of Tuscaloosa, for appellee.

Wright, Warren & Searcy, of Tuscaloosa, for appellant.

BROWN, J.

The bill was filed by the appellee seeking a sale for division of certain lands situated in Tuscaloosa county, alleged to be jointly owned by the complainant and defendant, and to enforce contribution for valuable improvements made on the property by the complainant.

The defendant denied the alleged joint ownership and the complainant's right to contribution.

The complainant claims title as a tenant in common with the defendant by purchase from Murk Findley, who conveyed to him by quitclaim deed on June 28, 1924. George Chambers and others, on October 4, 1910, owned as tenants in common the estate in remainder in the property; Chambers' interest being one-fifteenth. In addition to that interest, he held a life estate for his own life. Before the falling in of the life estate, on the date last above stated, Chambers conveyed his entire interest to Murk Findley, by warranty deed, letting Findley into actual possession. In the year 1916, Findley let the premises to the complainant, Hunton, who took immediate possession and held under said lease, occupying in person and by tenant until June 28, 1924, when he purchased from Findley and received from him a quitclaim deed which was not recorded until after the rights of the defendant attached.

At the time of complainant's purchase, complainant's mother was in the actual possession of the premises, holding as the tenant of the complainant, and so held up until her death in December, 1927. Immediately thereafter the premises were let by the complainant to one Garner, who was in possession of the premises at the time the defendant purchased at the judicial sale, and continued in actual possession until the filing of this suit.

After the conveyance of Findley to complainant, but before Chambers' death, complainant made valuable improvements on the land of a permanent nature which enhanced its value.

The decree of sale under which the defendant claims was rendered by the circuit court of Tuscaloosa county, in the suit of T. A. Hargrove v. Murk Findley et al., commenced, we assume, after Findley conveyed to the complainant. Findley was served with process and was present in person at the hearing. The complainant who purchased from Findley before the bill in that case was filed was not made a party thereto.

It is conceded that the defendant at the time he purchased at the judicial sale had knowledge of complainant's possession as a tenant of Murk Findley, commencing in the year 1916, but was without knowledge or notice of the complainant's purchase from Findley, unless such notice can be imputed from his knowledge of complainant's possession, in connection with the fact of the shifting of actual possession resulting from the death of complainant's mother, in the year December, 1927.

Appellant's contention is that the facts stated were not sufficient to excite inquiry, and in support of his contention cites Griffin et al. v. Hall & Farley, Trustees, 129 Ala. 289, 29 So. 783, as sustaining his contention. The facts pertinent to the decision of that case are stated in the report of the case, 115 Ala. 647, 22 So. 156, to the effect that the defendants in that action recovered judgment against Foreman, in the circuit court of Pike county, on November 2, 1893, upon which execution was regularly issued, up until the levy and the sale which occurred on the 21st of October, 1895. On March 6, 1893, nearly seven months before the judgment was rendered, Foreman conveyed to Griffin, who failed to record his deed. At the time of this conveyance, one Fillingin was in possession of the lot as the tenant of Foreman, and remained in possession until September 1, 1893, when he vacated, leaving the property unoccupied, and it remained so until after the judgment of November 2, 1893, was rendered.

On these facts the holding was that, in the absence of a change in the actual possession of the property before the lien arising from the rendition of the judgment and the issue of execution thereon had attached, these facts were not sufficient to provoke inquiry as to change in the status of the title, therefore the defendants in that case, the judgment creditors who purchased at the execution sale, were within the protection of the recording statute that condemned the unrecorded deed as void. Griffin et al. v. Hall & Farley, Trustees, 129 Ala. 289, 29 So. 783; Id., 115 Ala. 647, 22 So. 156.

■ A purchaser at judicial sale is within the protection of the statute (Code 1923, § 6887) which condemns unrecorded conveyances of real estate as to judgment creditors and purchasers without notice. Tennessee

Coal, I. & R. R. Co. v. Gardner, 131 Ala. 599, 32 So. 622.

■■ Nevertheless, the doctrine of caveat emptor applies to such sales, and the decree and deed, made thereunder, conveys only the right, title, and interest of the parties to the suit who are bound by the decree, and of such persons as derive their title therefrom pending the suit. Patterson v. A. C. L. R. Co., 202 Ala. 583, 81 So. 85; Ezzell v. Brown, 121 Ala. 150, 25 So. 832; 35 C. J. 73, §§ 114–118.

Murk Findley, whose interest the defendant claimed under the judicial sale along with the interest of the other cotenants, parted with his title before the institution of the proceedings to sell for division, and had not been in the actual possession of the property for more than ten years. In this time the actual possession shifted from complainant to his mother, and at her death to Garner, who was in actual possession at the time the defendant purchased at the judicial sale.

These facts clearly differentiate the case at bar from Griffin et al. v. Hall & Farley, Trustee, supra, and put upon the purchaser the duty to prosecute diligent inquiry, which would have brought knowledge that Findley had parted with his title. King v. Paulk, 85 Ala. 186, 4 So. 825; Id., 86 Ala. 332, 6 So. 612; Sloss-Sheffield S. & I. Co. v. Taff et al., 178 Ala. 382, 59 So. 658; Lamar v. Lincoln Reserve Life Ins. Co., ante, p. 60, 131 So. 223.

■ In McDaniel et al. v. L. & N. R. Co., 155 Ala. 553, 46 So. 981, it was ruled that one who purchased from a tenant in possession, believing that he had the entire title, and thereafter, in good faith, believing that he had acquired such title, made permanent improvements which enhanced the value of the property, was entitled to receive, in a sale for division in equity, the value of the lands as enhanced, over and above his pro rata share of the lands without the improvements. This was reaffirmed in Porter v. Henderson, 203 Ala. 312, 82 So. 668. See, also, 10 R. C. L. 837, 838, § 33; 21 C. J. 954, § 91.

In Sumner et al. v. Bingham et al., 210 Ala. 446, 98 So. 294, it was observed that "there was no averment that complainant claimed more than a life estate, nor could there have been any plausible basis for such claim. On the facts averred, it may very well be that complainant made the improvements in question for account of himself and his son, whom, it is averred, he considered to be the owner in remainder. If it be conceded that he intended to improve the estate for the sole benefit of the remainderman, his son, then in life and prospective taker under the will, his false assumption that there was a vested estate in remainder—whereas in law and fact the interest of his son in remainder was contingent upon the failure of a conveyance in fee executed in virtue of the power vested in the executor prior to the falling in of the life estate—will not suffice to create a claim against the reversion for improvements."

These facts differentiate that case from the case at bar.

Here the complainant, in addition to a life estate, owned one-fifteenth interest in the estate in remainder, and was a cotenant with the defendant.

The decree of the circuit court followed the course indicated by McDaniel et al. v. L. & N. R. Co., supra, and is free from error.

Affirmed.

ANDERSON, C. J., and THOMAS and FOSTER, JJ., concur.