SUDDARTH, *Appellant*, v. ROBERTSON.

### Division One, November 27, 1893.

1. **Deed:** COLOR OF TITLE. A sheriff's deed conveying the interest of one who never had title and the deed of the sheriff's grantee amount only to color of title.

2. **Practice:** ACTION AT LAW: TRIAL BY COURT: INSTRUCTIONS. Where the evidence is conflicting in an action at law tried by the court without a jury, instructions should be given and refused, the same as if the trial had been by jury, in order that the appellate court may see the theory of law, upon which the trial court proceeded and how it found the facts.

3. ———: ———: ———: ———. Where this is not done, the trial court should pursue the practice prescribed by Revised Statutes, 1889, section 2135, and state in writing its conclusions of facts found separately from the conclusions of law.

4. **Landlord and Tenant:** ESTOPPEL: FRAUD. While a tenant cannot, as a general rule, dispute his landlord's title, such estoppel does not apply in those cases where the tenant was induced by force, fraud or misrepresentation to enter into the lease.

5. ———: ———: ———: EJECTMENT. A plaintiff in ejectment may rely upon an equitable estoppel for the purpose of defeating a defense based upon the statute of limitations.

*Appeal from Lincoln Circuit Court.*—HON. E. M HUGHES, Judge.

REVERSED AND REMANDED.

*Martin & Avery* and *Woolfolk & Howell* for appellant.

(1) Plaintiff's paper or record title is perfect. The defendant has no title or even color of title. Perine never had any title to this land. (2) Plaintiff's third instruction should have been given. *Stagg v. Co.,*

56 Mo. 317; *Loring v. Harmon,* 84 Mo. 123; *Farrah v. Heinrich,* 86 Mo. 521. (3) Plaintiff's fourth instruction should have been given, and the court determined whether the facts proved were sufficient to estop defendant from asserting an adverse possession against the plaintiff. It is not a case where the plaintiff seeks to recover possession upon a title created by acts constituting estoppel, but here the plaintiff's paper or record title is perfect and he invokes the doctrine of estoppel against the defendant, not to create title, but to prevent defendant from setting up title inconsistent with his acts and statements which induced plaintiff to purchase of Crenshaw. *Suford v. Shingles,* 8 S. E. Rep. 799; *Ratcliff v. Iron Works,* 10 S. W. Rep. 365; *Briggs v. Langford,* 7 N. Y. Sup. Ct. Rep. 358. An estoppel *in pais* is held by many courts to create such a title as is sufficient to sustain action of ejectment. *Bigelow v. Fass,* 59 Me. 162; *Hatch v. Kimball,* 16 Ind. 146; *Rangely v. Spring,* 21 Ind. 130; *Stevens v. McMarnara,* 36 Ind. 176; *Dickerson v. Colgrove,* 100 U. S. 578; *Hass v. Plantz,* 56 Wis. 105; 19 Central Law Journal, 87; *Turner v. Baker,* 64 Mo. 227. But this we do not contend for in this case, but contend only that where the plaintiff has a perfect record or paper title, as here, the doctrine of estoppel can be applied against a defendant in ejectment to prevent him from setting up title by adverse possession, which is inconsistent with his acts and statements, if such acts and statements induced the plaintiff to purchase from one who had a clear paper title. In the following cases it is held by the courts that defendant in ejectment is estopped from claiming title against the plaintiff by reason of acts and conduct. *Lowery v. Mays,* 43 N. W. Rep. 78; *Brown v. Brown,* 30 N. Y. 519; *Terrell v. Cowenhaven,* 79 N. Y. 400; *Wisehart v. Hendrick,* 21 N. E. Rep. 30; *Quick v. Milligan,* 9 N. E. Rep. 397;

*Mortgage Co. v. Norton,* 10 S. W. Rep. 300; *Herd v. Ceste,* 12 S. W. Rep. 466; *Tucker v. Whitesey,* 41 N. W. Rep. 536; *Anderson v. Thomason,* 20 Pac. Rep. 803; *Griffith v. Brown,* 18 Pac. Rep. 372; *Mitchell v. Amacler,* 17 Pac. Rep. 246; *Woodlaw v. Royford,* 3 S. E. Rep. 71; *Schwarz v. Bank,* 2 S. W. Rep. 865. The doctrine of estoppel can be invoked against a defendant in a legal action in this state. *Wilkerson v. Thompson,* 82 Mo. 317. In *Tyler v. Hall,* 106 Mo. 313, the court held that defendant was estopped by reason of his representations to plaintiff as to his title, and in such a case the estopel could be proved without being pleaded. To the same effect is the case of *Allen v. Mansfield,* 108 Mo. 343.

*Norton, Dunn & Murphy* for respondent.

(1) Defendant's paper title is perfect. (2) There can be no question as to the facts in this case as the court found what those facts were in this case, and when the trial court is intrusted with both the law and facts, his finding of facts will not be disturbed in the appellate courts. *Krider v. Milner,* 99 Mo. 145. (3) The third instruction asked by plaintiff was properly refused, because while the rule of law is firmly fixed that a tenant cannot dispute his landlord's title, this rule, however, has its exceptions, which are as broad and well established as the rule itself. Prominent among these is, where the lessee did not receive possession from the lessor being already in possession when he accepted a lease from him, he may, for fraud, mistake or misrepresentation, dispute the title without withdrawing from the possession. By some authorities it is held that it is not even necessary to show fraud. *Crockett v. Althouse,* 35 Mo. App. 404. The court heard the evidence in this case and found the fact to be that there was nothing

upon which to base such an instruction. Instruction number 2 given for plaintiff covers the same ground as number 3 which was refused and goes as far as the facts, as found by the court, would justify. (4) The undisputed testimony in this cause is that defendant had been in open, notorious, continuous possession of the strip of land in controversy for more than twenty years *prior* to the beginning of this suit, claiming adversely to all the world. This possession under the general statute of limitations had ripened into an absolute title long prior to the institution of this suit. *Bartlett v. Kauder*, 97 Mo. 356. The absolute title being thus vested in defendant, the only shadow of title that plaintiff has shown upon which to maintain this suit is evidence tending to prove certain statements made by defendant, which is true, constituted an *estoppel in pais*. But there was a conflict of testimony regarding these statements, and the lower court determined this matter, and concluded that there was no estoppel, at all. But even if the lower court had found that these statements were sufficient to constitute an estoppel *in pais*, it is not contended for, even by the learned counsel for the plaintiff in this case that ejectment can be maintained on an estoppel *in pais*, and in this opinion he is borne out by our supreme court in the case of *Allen v. Sales*, 56 Mo. 28.

BLACK, P. J.—This was an action of ejectment for a small parcel of land containing one or two acres, the exact quantity not being stated. The answer is a general denial and the statute of limitations. The reply is a general denial and matter set up by way of an estoppel *in pais*.

The plaintiff put in evidence certified copies of portions of the tract and plat books of the local land

VOL. 118—19

office.   The copy of the tract book shows that, in 1830, Nicholas Perine purchased the northwest fractional quarter of section 34, etc., containing 72.05 acres; and that, in 1850, James Hines purchased the northwest fractional quarter and the northeast fractional quarter of same section, etc., containing 22.04 acres.   The copy of the plat book shows, however, that the 72.05 acre tract is within the boundaries of what is called the Bassey survey, while the 22.04 acre tract purchased by Hines is east of that survey.   The land in suit is east of the Bassey survey.

The plaintiff also put in evidence various duly recorded deeds showing a regular chain of title from James Hines, the last of these deeds being from W. N. Crenshaw to plaintiff, dated the twenty-sixth of February, 1884.

The defendant put in evidence a sheriff's deed to Woolfolk, conveying all the interest of Nicholas Perine in this and other lands, and also a quitclaim deed to himself from the heirs of Woolfolk dated in 1860.

A contention on the part of the defendant is, that he has a perfect record title from and under Nicholas Perine; but an inspection of the certified copies of the local land office tract and plat books shows beyond doubt that Perine purchased a different parcel of land from that purchased by James Hines, and that the land in suit is not a part of the land purchased by Perine, but is a part of the land purchased by Hines. It is therefore clear that the sheriff's deed and the quitclaim deed amount to no more than color of title.   So the circuit court held, and this ruling we approve.   The defendant must, therefore, stand on his plea of the statute of limitations.

The following is the evidence, and the only evidence, before us bearing upon the issues of adverse possession and estoppel.   We quote from the bill of exceptions:

Suddarth v. Robertson.

"Defendant testified and introduced other evidence tending to prove that he had taken possession of the land in controversy under the deed last mentioned and had had absolute and uninterrupted possession of said lands, claiming title thereto for twenty years or more before the commencement of this suit."

Plaintiff's evidence in rebuttal: "The plaintiff testified and introduced other evidence tending to prove that before the plaintiff purchased said land of W. N. Crenshaw, the defendant being asked, informed the plaintiff that he did not own the land in controversy and had no claim on the same, and that if the plaintiff bought said land of W. N. Crenshaw he would get a good title to the same, and that relying upon these statements of the defendant the plaintiff was induced to buy said land of said Crenshaw. Plaintiff also introduced evidence tending to prove that after he had purchased said land of W. N. Crenshaw, defendant had agreed to pay the plaintiff rent for said land. Plaintiff also introduced evidence tending to prove that, during the time W. N. Crenshaw had title to said land, defendant recognized his (Crenshaw's) title as good and obtained permission of said Crenshaw to fence and use said land for the purpose of watering stock thereon."

Defendant's evidence in rebuttal: "The defendant in rebuttal introduced evidence tending to prove that he had not informed plaintiff or any one else that he did not own said land and did not have any claim thereto or that the plaintiff would get a good title if he purchased of W. N. Crenshaw, and that he had not agreed to pay plaintiff rent on said land, and that he had not recognized Crenshaw's title to said land as good, or had ever obtained permission of said Crenshaw to use said land for the purpose of watering his stock or for any other purpose.

The court, at the request of the plaintiff, gave two instructions, and refused two which are numbered 3 and 4 and are as follows:

"3. If the court finds from the evidence that the defendant leased or rented said land from the plaintiff after plaintiff had purchased the same of Wm. N. Crenshaw, and has not since surrendered possession to the plaintiff under such leasing or renting, then the defendant cannot dispute the plaintiff's title, and the finding should be for the plaintiff.

"4. If the court, sitting as a jury, finds from the evidence that the defendant, at the time of plaintiff's purchase of the lands in dispute from W. N. Crenshaw, had title to said land by adverse possession, deed or otherwise under which he now claims, and knew that said plaintiff was about to buy said lands of said Crenshaw, and purposely withheld and concealed from the plaintiff his claim of title to said land, or if said defendant, by his acts, conduct, conversation or statements to the plaintiff induced the plaintiff to believe that he, defendant, had no claim of title to said land, and that the plaintiff was thereby induced to make such purchase for said Crenshaw, as he did make, then the finding of the court should be for the plaintiff."

On this evidence and the instructions given, the court sitting as a jury found for defendant. The plaintiff now complains of the refusal of the court to give his third and fourth instructions.

There was evidence upon which to base these instructions. Nor is the third covered by the second which was given; for the second is based upon evidence tending to show a lease from Crenshaw, the plaintiff's grantor, to the defendant, while the third is based upon evidence tending to show a leasing by the plaintiff himself to defendant. In other words, one instruction is based upon the theory that the defendant

was the tenant of Crenshaw, and the other on the theory that he was the tenant of the plaintiff.

The chief reason assigned and urged as a justification for the refusal to give instructions 3 and 4 is that the court found the facts therein recited were not true in point of fact. The answer to this is that there is nothing in this record to show that the court found the facts hypothetically recited in these instructions for the defendant and against the plaintiff. Had the court given these instructions and then found for the defendant, as it did and as it had a right to do, then we could see and know that it did not believe the plaintiff's evidence, but did believe that produced by the defendant. The court, in refusing to give these instructions, in legal effect, said the instructions did not contain correct propositions of law, though the facts therein hypothetically stated were true.

In these actions at law, tried by the court without a jury, where the evidence is conflicting, the court should give and refuse instructions the same as when trying the case before a jury. The instructions being given, the finding may be general for the plaintiff or defendant. This court is then able to see on what theory of law the court proceeded, and we are at the same time able to see how the court found the facts. This course, or that pointed out by section 2135, Revised Statutes, 1889, should be pursued.

We then come to the question whether these refused instructions contain correct propositions of law on the facts therein stated. It is certainly a general rule that the tenant cannot dispute his landlord's title. But it is argued by defendant that there are exceptions to the general rule, one of them being that when a person in possession is induced to accept a lease by fraud or mistake, he may dispute the title of the lessor, without first yielding up possession. A lease unfairly or fraudulently

obtained from a party in possession of land, will not prevent such person from contesting the title of the lessor. *Higgins v. Turner*, 61 Mo. 250. In other words, the estoppel does not apply in those cases where the tenant was induced by force, fraud or misrepresentation to enter into the lease. Sedgwick and Wait on Trial of Title to Land [2 Ed.], sec. 355. But in this case there is no evidence set out in the bill of exceptions showing, or tending to show, that defendant was induced to agree to pay rent to the plaintiff by fraud or misrepresentation on the part of the plaintiff. There is nothing preserved in the bill of exceptions to call for an application of the exception. As the case is presented to us the third instruction should have been given.

In considering the fourth refused instruction, it must be remembered that the plaintiff produced a perfect paper title, the deeds all having been recorded before the plaintiff purchased the land from Crenshaw. The defendant was then in possession. He pleads this possession and the statute of limitations as a defense. To this the plaintiff sets up the matters recited in the fourth as an estoppel *in pais*, or perhaps it should be denominated an equitable estoppel or an estoppel by conduct. If, as stated in the instruction, the defendant knew the plaintiff was about to purchase the land from Crenshaw, and with this knowledge purposely witheld and concealed from the plaintiff the fact that he claimed title to the land, and his conversations and conduct led the plaintiff to believe he had no title to the land, and plaintiff was thereby induced to make the purchase, the defendant should be estopped from setting up title against the plaintiff. The case stated in the instruction makes out a complete estoppel. This does not seem to be seriously disputed by defendant; but he insists that an action of ejectment cannot be maintained on an estoppel by conduct.

There is much conflict in the authorities as to whether ejectment can be maintained on an equitable estoppel. Bigelow on Estoppel [5 Ed.], pp. 713 and 715. We think this case does not require or call for any extended consideration of this question; for the plaintiff does not stand alone for title on the alleged estoppel. He produced a perfect title by deeds. He uses the estoppel by conduct only for the purpose of defeating the defense of adverse possession. It was said in *Allen v. Sales*, 56 Mo. 28: "The title on which this suit in ejectment was based consisted of the judgment, sale under execution and sheriff's deed. This deed conveyed, or professed to convey, the unexpired term of the lease. The defense is, that the lease was never made or consummated. To rebut this evidence, an estoppel *in pais* is offered. The estoppel is used defensively, not as a creation of title, and we think the first instruction given for the plaintiff was therefore correct." So in the case now in hand. The plaintiff does not rely upon the estoppel for title. For title he stands on his deeds. He brings forward the estoppel for the purpose of defeating the defense based upon the statute of limitations, and therefore uses the estoppel, not to create title, but as a defense, and this he has a right to do. The court therefore erred in refusing the fourth instruction.

It is possible the judgment in this case is for the right party; for in holding that the third and fourth instructions ought to have been given, we do not say the facts there stated are true. It was for the triers of fact, whether the court or a jury, to pass upon the facts. The difficulty here is that, according to this record, the court made no finding as to the matters of fact recited in the instructions. The judgment is therefore reversed and the cause remanded for new trial. BARCLAY, J., absent. The other judges concur.