DOLLARHIDE, *Plaintiff in Error*, v. MABARY *et al.*

### Division One, November 26, 1894.

1. **Ejectment:** PAPER TITLE: COLOR OF TITLE. Plaintiff in ejectment who offers in evidence a sheriff's deed conveying to him the title of one other than the execution defendant, without showing title in the person whose interest is so conveyed, does not show a perfect paper title, but only color of title.

2. ———: VENDOR AND VENDEE: UNPERFORMED CONTRACT OF PURCHASE: ADVERSE POSSESSION. The possession of a vendee under an unperformed contract of purchase is the possession of the vendor and where the latter regains possession upon settlement, it is error to instruct as a matter of law that he has not shown ten years' adverse possession, when there is evidence that he and his vendee have been in such possession for more than ten years.

3. **Practice:** TRIAL BY COURT: INSTRUCTIONS. Where the trial court sitting as a jury tries questions of mixed fact and law, it should give instructions applicable to the case made by the evidence, in order that it may be known by the appellate court upon what theory of law the court based its judgment.

*Error to Hickory Circuit Court.*—HON. W. I. WALLACE, Judge.

REVERSED AND REMANDED.

*Rechow & Pufahl* and *W. L. Pitts* for plaintiff in error.

(1) *First.* The deed to McClurg was improperly admitted in evidence because not acknowledged and proven as required by law. *Second.* Because defendants showed no connection with the deed. *Third.* Because the same was not such a valid, subsisting, outstanding title as could have been enforced by McClurg.

*Fourth.* In order to have been admissible it must be of the character last above named. *Lanier v. McIntosh,* 117 Mo. 519; *Woods v. Hilderbrand,* 46 Mo. 284; *McDonald v. Schneider,* 27 Mo. 405. (2) Defendants do not claim under any paper title whatever and do not claim to have had any actual possession, except as to twenty acres, until 1886. (3) McClurg never made or claimed any right or title under the deed to him offered by defendants. (4) Plaintiff's deed under county court judgment was color of title, and as he went into actual possession of a part of the land embraced in the deed it drew the possession of the remainder after it. Tiedeman on Real Property, sec. 696; *Fugate v. Pierce,* 49 Mo. 441; *Leeper v. Baker,* 68 Mo. 405. (5) The possession of plaintiff's vendees under contract of purchase from him inured to his benefit and was his possession. They stood in the relation of tenants to him. *Mabary v. Dollarhide,* 98 Mo. 202, and cases there cited; *Galloway v. Finley,* 12 Peters (U. S.), 264; *Willison v. Watkins,* 3 Peters (U. S.), 43; *Ash v. Holder,* 36 Mo. 163. (6) The plaintiff and his vendees having had actual, continued and adverse possession of the lands sued for from 1866 to 1881 (under color of title), until the contract was canceled in 1881 or 1882 between Rains and plaintiff, acquired a perfect legal title to the premises in controversy by limitation. *Bartlett v. Kauder,* 97 Mo. 359, and cases cited at the conclusion of point 1 on that page; cases cited under point 5 *supra.*

*William O. Mead, J. H. Childers* and *T. T. Loy* for defendants in error.

(1) The defendants entered into possession of the premises under McClurg in 1877 or 1878, who was at the time in possession under a judgment in ejectment against the plaintiff and a written contract between

plaintiff and McClurg by which the latter was to have possession; and the deed from the sheriff of Hickory county constituted such color of title in defendants as they could base an adverse possession upon, and possession having been taken and continued from 1877 or · 1878 openly, notoriously and adversely down to the time of the commencement of this action, bars any claim by the plaintiff and vests the title in these defendants for the whole of the land. *Hamilton v. Boggess*, 63 Mo. 233; *Rannels v. Rannels*, 52 Mo. 108. McClurg having taken possession under color of title, his possession was transferred to the defendants and they can tack their possession to his possession and color of title to make up the statutory period of ten years' adverse possession under color of title to bar plaintiff's recovery and vest the title in them. *Cooper v. Ord*, 60 Mo. 420; *Gaines v. Saunders*, 87 Mo. 557. (2) The plaintiff must recover, if at all, upon the strength of his own title and not the weakness of the defendant's title. He has failed to show any title whatever in himself. *Foster v. Evans*, 51 Mo. 39; *Large v. Fisher*, 49 Mo. 307. (3) There was no common source of title admitted or proved.

BLACK, P. J.—Plaintiff Dollarhide brought two actions of ejectment in March, 1891, one against F. M. Mabary to recover forty acres of land, and the other against Hartnett to recover another forty acres. The two suits were consolidated by consent of parties and tried as one case by the court sitting as a jury. The court found for the defendants and gave judgment accordingly.

According to the plaintiff's abstract, he put in evidence a sheriff's deed conveying to him all the title and interest of Alfred H. Foster in and to these and other lands. This sheriff's deed, as copied in the plaintiff's

abstract, is based upon a judgment in favor of the Merchants' Bank against F. M. Foster, rendered by the circuit court of Hickory county on the fifteenth of September, 1864. Execution was issued thereon on the twenty-seventh of January, 1868, and by the sheriff levied on the land on the third of February, 1868. The lands were sold on the twenty-fifth of February, 1868, and the deed to plaintiff bears date the twenty-eighth of the same month and year, and was recorded on the same day. The deed is regular and formal, and there is no fact disclosed by the abstracts on either side, going to impeach its validity.

The defendants say in their abstract they produced in evidence a deed "from the sheriff of Hickory county conveying the interest of Alfred H. Foster and William P. Foster to Joseph W. McClurg, dated the twenty-sixth of August, 1868, and recorded "on the same day;" but they do not set out a single fact showing that this deed is prior in legal effect to the sheriff's deed to the plaintiff. Indeed, defendants do not claim that this deed to McClurg conveyed the title. They, however, claim for it in connection with some other matters color of title, but nothing more.

On these facts the plaintiff contends that he produced a perfect paper title. The difficulty with this contention is that he failed and neglected to show title in Alfred H. Foster. Had he done this, his claim would be well made, but, as the record stands, the sheriff's deed amounts to nothing more than color of title. Indeed, plaintiff did not show possession in Foster.

The plaintiff introduced in evidence another deed from the sheriff of Hickory county, dated the eighteenth of December, 1865, professing to convey to him all the title of Alfred H. Foster and William P. Foster, in and to one of the forty acre tracts now in question. This deed, it is conceded, did not convey the title. It

is good only as color of title. The plaintiff, therefore, has color of title to one forty acres, by the sheriff's deed, dated the eighteenth of December, 1865, and he has color of title to both forty acre tracts by the other sheriff's deed dated February 28, 1868.

Plaintiff produced other evidence tending to show that he sold both tracts to one Bozarth in 1864, and gave the latter a bond for deed on payment of the purchase price. Bozarth took possession under this bond for deed, but failed to pay for the land. He left it in 1868, and one Rains took possession of the lands as the vendee of the plaintiff. The evidence tends to show that Rains held possession of the two forty acres now in question as such vendee, under his unperformed contract of purchase for more than ten years, when he and the plaintiff had a settlement. There is, indeed, evidence tending to show that plaintiff and his said vendees held continuous possession of the two tracts now in question from 1865 to about 1881.

On the case as thus made by the plaintiff the court, at the request of the defendants, and, over the objection of the plaintiff, gave this instruction: "The plaintiff has failed to show such possession of the land in question as will entitle him to recover under his deeds as color of title."

We have before pointed out in another case between these parties that the possession of Bozarth and Rains under the unperformed contracts as vendees of the plaintiff was the possession of the plaintiff, he being the vendor. *Mabary v. Dollarhide*, 98 Mo. 202. Though there was an abundance of evidence tending to show that plaintiff by himself and his vendees had had continuous adverse possession for a period of more than ten years, still the court, by the instruction given, declared as a matter of law that the plaintiff failed to make out ten years' adverse possession. This was

manifest error.   Where the court sitting as a jury tries questions of mixed fact and law, like the question of adverse possession, it should give instructions applicable to the case made by the evidence, defining adverse possession; for, unless this is done, it can not be told here on what theory of law the court based its judgment.   This matter has been so often considered that it is useless to say more on the subject at this time. *Suddarth v. Robertson*, 118 Mo. 286; *Krider v. Milner*, 99 Mo. 145.   For the error just pointed out, the judgment must be reversed.

In view of the very unsatisfactory abstracts filed in this case, we will not undertake to dispose of the other questions discussed in the briefs.   Indeed, we have little assurance that we have been put in possession of the real facts out of which this contest has arisen.   By consulting rules 12 and 13 of this court it will be seen it is the duty of the appellant or plaintiff in error to set forth in his printed abstract "so much of the *record* as is necessary to a full and complete understanding of *all* the questions presented to this court for decision."   There has been no effort on the part of the plaintiff or defendant to comply with these rules.   The judgment is reversed and the cause remanded for new trial.   All concur.