W. H. SAVAGE AND OTHERS, *Plaintiffs in .Error*, v. OLIVINE ZELLA SAVAGE, *Defendant in Error*.

Opinion filed Nov. 17, 1915.

When the defendant has the legal title and the plaintiff's claim is based entirely upon the equitable doctrine of election and conversion, he may not recover in ejectment.

Writ of Error to Circuit Court, Osceola County; Jas. W. Perkins, Judge.

Judgment affirmed.

*Johnston & Garrett*, for Plaintiffs in Error;

*Vans Agnew & Crawford*, for Defendant in Error.

COCKRELL, J.—An action in ejectment was tried before a Referee, resulting in a judgment for the defendant.

The plaintiffs' evidence tended to prove that Robert

B. Savage sold a stock of cattle belonging to the estate of his deceased wife, Sarah A. Savage, and in part payment he got the lots in litigation, in 1904. Prior to his death in 1914, he conveyed the lots to the defendant.

The theory of the plaintiffs is that under the will of the said Sarah, only a life estate in the cattle passed to her husband, and that these plaintiffs as remaindermen could impress the same limited estate upon the realty purchased with the proceeds; in other words their rights, if enforceable, depend upon the equitable remedies of election and conversion.

If the plaintiff has not a legal title at the time of the commencement of his action in ejectment, he cannot recover. He can not support the action upon an equitable title, however clear and indisputable it may be. Paul v. Fries, 18 Fla. 573, text 584.

The evidence shows clearly the legal title in the defendant, and the judgment was clearly correct.

Affirmed.

TAYLOR, C. J., and SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.