74 So.2d 883 (1954)
CAPE SABLE CORPORATION, a Florida corporation, Appellant,
v.
Elwood M. McCLURG, Appellee.
Supreme Court of Florida. Division A.
October 5, 1954.
Malcolm S.H. Kneale, Kneale & Kneale, Miami, John T. Wigginton and Caldwell, Parker, Foster & Wigginton, Tallahassee, for appellant.
Dunn & Hickey, James S. Dunn and Richard Hickey, Miami, for appellee.
SEBRING, Justice.
Cape Sable Corporation filed a complaint against Edward McClurg for a declaratory decree declaring its rights under a sheriff's deed to certain realty in McClurg's possession. This appeal is from a final order dismissing the complaint upon motion by the defendant. The sole issue presented for consideration is whether or not the trial court erred in its conclusion that the suit is one brought essentially for the purpose of trying title to real property and *884 that the proper remedy upon the facts set forth in the complaint is an action of ejectment rather than by a proceeding for a declaratory decree.
The complaint avers, in substance, that the defendant McClurg owned the lot of land in controversy. On March 24, 1949, McClurg conveyed the property to one Louise Claycomb under an oral secret and unrecorded agreement between the grantor and grantee that the grantee would hold fee-simple title to the property during the period of time McClurg was suing his wife for divorce and, after the final decree was entered, would reconvey the title to the defendant. During the time that Louise Claycomb held record title to the property credit was extended to her by Miami Daily News, Inc. Sometime later Miami Daily News, Inc., instituted suit against Louise Claycomb to recover for the amount of the credit extended. On a date not shown by the complaint, but one allegedly prior to the date of judgment, Louise Claycomb reconveyed the property to the defendant. The Miami Daily News, Inc., recovered judgment against Louise Claycomb on September 13, 1950, on which date the public records showed the title of the property to be in Louise Claycomb.
Subsequent to the entry of the judgment the property was advertised for sale to satisfy the judgment. Prior to the day the sale was held, a representative of Cape Sable Corporation, a prospective purchaser, visited the property "and was met at the door by the housekeeper of the Defendant * * * who, while acting in the scope of her employment as Defendant's Agent, claimed that she was Louise Claycomb, whereupon, [the representative] put said person on Notice that he was going to bid on the Property at the Execution Sale, and asked her if she was going to pay the Judgment, or if she wanted to keep her home * * * and that if she wanted to keep it, Complainant would not bid at the Sale. Whereupon, said Defendant's said Agent still acting within the scope of her authority, refused to discuss the matter further, and did not notify your Complainant that her name was not Louise Claycomb * * * or notify him of any interest she or * * * her employer had in the property."
The final averments are that Cape Sable Corporation purchased the property at the sheriff's sale; that the purchase was made in reliance upon "Defendant's negligence * * * in allowing the record title to remain in Louise Claycomb;" that the defendant sat idly by and allowed the sale to take place without informing the prospective purchaser of his claim to the property; and that the false representation made by his agent to the effect that she was the judgment debtor and title holder at the time the judgment was recovered was not in fact true.
It is the contention of the plaintiff that upon the facts alleged its only remedy against the defendant is a suit in equity, and not an action in ejectment, because its title must rest upon an equitable estoppel against the defendant upon which an action in ejectment will not lie.
We find ourselves unable to agree with this contention. While the authorities are not in accord upon the question whether ejectment may be maintained upon an equitable estoppel, the fact remains that as early as 1886 this Court allowed recovery in ejectment by a plaintiff in whose favor an estoppel in pais was invoked. Levy v. Cox, 22 Fla. 546, Id., 22 Fla. 580. And in 1910 this Court recognized, in Erwin v. Dekle, 60 Fla. 56, 53 So. 441, that there might be situations where an action of ejectment would lie based upon a title by estoppel. It is true that in the Erwin case the Court refused to apply the doctrine because the record affirmatively disclosed that the facts were not present upon which to invoke an estoppel, but in no case do we find a positive ruling of this Court negating the possibility of relief in ejectment for a party relying upon an estoppel. Compare Barco v. Fennell, 24 Fla. 378, 5 So. 9; Savage v. Savage, 70 Fla. 305, 70 So. 392; 28 C.J.S., Ejectment, §§ 20 and 21.
However, we need not consider on this appeal whether or not, on the facts *885 alleged, an action in ejectment can be maintained on the sole basis of an equitable estoppel. As we view the record, the plainttiff's claim to the property involved is that of one who purchased in all good faith at a judicial sale in reliance upon the record title resting in the judgment debtor. While it has been loosely stated by some of the authorities that a person purchasing at a judicial sale is subject to the strict doctrine of caveat emptor, we think a more precise statement of the rule is that such a purchaser takes title subject to defects, liens, incumbrances, and all matters of which he has notice, or of which he could obtain knowledge in the exercise of ordinary prudence and caution. See Lindsley v. Phare, 115 Fla. 454, 155 So. 812, where the rule just stated was recognized and applied.
Moreover, it has been uniformly held, where the question has arisen, that a purchaser at a judicial sale is within the protection of the statutes condemning unrecorded conveyances as to purchasers without notice. Section 695.01, Florida Statutes 1951 F.S.A. Tennessee Coal, Iron & R. Co. v. Gardner, 131 Ala. 599, 32 So. 622; Griffin v. Hall, 129 Ala. 289, 29 So. 783; Chambers v. Hunton, 222 Ala. 482, 132 So. 713; McNitt v. Turner, 16 Wall. 352, 21 L.Ed. 341; 50 C.J.S., Judicial Sales, § 39, p. 650. So, in Hurley v. Charles, 112 Va. 706, 72 S.E. 689, 691, an ejectment action by a purchaser at an execution sale, it was held as to a deed given by the judgment debtor prior to execution sale, but not recorded: "There was a suit instituted by the creditor of [the record owner], and in that suit the * * * tract of land was sold and purchased * * * and a deed was made * * * pursuant to the decrees of the court. It is manifest, therefore, that an unrecorded deed from the judgment debtor could not affect the purchaser at that judicial sale", at least in the chaser at that judicial sale," at least in the had knowledge in fact, or constructively, of the execution of the deed, before acquiring title at such sale.
We think the stated rule is applicable to facts of the case at bar. As we understand the allegations of the complaint, Louise Claycomb executed a deed to the defendant McClurg during the progress of the suit instituted by Miami Daily News, Inc. Cape Sable Corporation bought the property involved at the sheriff's sale at a time when the record title was in Louise Claycomb and while the deed from her to McClurg remained unrecorded. Under these circumstances, we think that an action in ejectment will lie to test the title of the purchaser at the sheriff's sale and to test its right to possession of the property.
It may be that the plaintiff will be met in such a suit with a defense attempting to inject into the cause the fact of the execution of the deed to McClurg prior to the rendition of the judgment, and McClurg's subsequent possession of the property thereunder. If so, it would seem that the plaintiff would be entitled to use the facts relied on in his present complaint for an estoppel to rebut such defensive matter. This is so for the reason that even if we assume that a plaintiff in ejectment may not recover upon facts merely estopping the defendant from denying plaintiff's title and right to possession, nevertheless we know of no rule that will preclude a plaintiff who does not rely on estoppel for his title to use such facts to rebut the defense of the defendant. See Suddarth v. Robertson, 118 Mo. 286, 24 S.W. 151; Allen v. Sales, 56 Mo. 28, at page 37; 19 C.J. 1060; 28 C.J.S., Ejectment, § 22, p. 873. Levy v. Cox, supra.
We hold, therefore, that the decree appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.