PER CURIAM.
Appellant Antonio Do Couto who, a reading of the record readily reveals, experiences some difficulty with the English language, first discussed the purchase of a lot from appellee with appellee’s New Jersey salesman. Do Couto explained in detail his intended use of the lot and the salesman understood the intended use and purpose. That salesman arranged for Do Couto to meet with appellee’s on-site salesman in Florida who was also told, and understood, Do Couto’s needs and requirements. After visiting numerous lots in the company of the on-site salesman Do Couto was finally shown a corner lot which the salesman measured with the help of Do Couto and represented to Do Couto that the lot was suitable for Do Couto’s needs and purposes. In an abundance of precaution, before commencing construction, Do Couto conversed with his neighbors and finally went to the Flagler County Courthouse to ascertain whether there were any governmental permits which would be required before construction was commenced. Alas, however, it now appears that although Do Couto told two ITT salesmen exactly what he intended to build, that he made inquiry to determine whether there were any governmental permits required for such building, and he has now built exactly what he intended to build (a large double garage) a mandatory injunction has been entered by the trial court, at the instance of ITT, and not Do Couto’s neighbors, requiring removal of the improvement because it violates set-back lines. A witness called by ITT, one of its agents, who had never seen the offending improvement, testified that it did violence to ITT’s scheme of development. An architect, called by appellant, who had personally examined the lot, structure and surrounding area testified that the improvement was not offensive and damaged neither Do Cou-to’s lot nor the community. It is significant, we think, that the complainant is ITT and not Do Couto’s neighbors.
The remedy of injunction is drastic and should be granted cautiously and sparingly. Johnson v. Killian, 157 Fla. 754, 27 So.2d 345 (1946). The learned trial judge applied cold legal tenents instead of engaging in a balancing of the equities. See Ortega Company v. Justiss, 175 So.2d 554 (Fla. 1st DCA 1965). No detriment has been suffered by ITT nor will it enjoy any advantage by a removal of the improvement. On the other hand, by requiring Do Couto to remove the improvement he will have been deprived of the purpose for which the property was initially acquired, with the knowledge of ITT, and will suffer a monetary loss of between $10,000 and $22,000. Equity is not so cold.
Reversed and remanded with directions to vacate the mandatory injunction and to enter judgment in favor of appellants.
BOYER, C. J., and McCORD and MILLS, JJ., concur.