409 So.2d 1193 (1982)
Betty Lou DAVIS, Appellant,
v.
Don P. JOYNER and Atlantic Las Olas, Inc., a Florida Corporation, Appellees.
No. 79-1254.
District Court of Appeal of Florida, Fourth District.
February 17, 1982.
Michael K. Davis of Watson, Hubert & Davis, Fort Lauderdale, for appellant.
J. Patrick Dyal of Rogers, Morris & Ziegler, Fort Lauderdale, for appellee Joyner.
HURLEY, Judge.
At issue is whether the trial court abused its discretion by refusing to grant an injunction. We find no abuse of discretion and, accordingly, affirm.
This appeal emanates from a suit brought by Ms. Davis, the owner and landlord of two adjoining lots, against one of her tenants and a subtenant. Ms. Davis, appellant herein, attempted to invoke the trial court's equity jurisdiction to obtain an injunction prohibiting the tenant and the subtenant of *1194 one lot, Mr. Joyner and Atlantic Las Olas, from trespassing on the adjoining lot. According to her complaint, the trespass is in the form of an encroachment by a building. Ms. Davis, however, does not want the encroachment removed; she merely wants to prohibit Mr. Joyner and Atlantic Las Olas, the appellees, from using it.
The encroachment consists of the supporting wall and a portion of the interior of a building. The building extends about one foot over the property line and occupies about 30 square feet. Because the appellees' building abuts a building on the adjoining lot, which is leased to another tenant under a long term lease, Ms. Davis would have little or no use for the small strip of encroached upon property. By contrast, the encroaching portion of the building is essential to the subtenant's business because it contains part of the restrooms and a staircase.
The unusual controversy in this case becomes more understandable when put in historical context. Both lots were previously owned by Ms. Davis' parents. In 1941 they executed a 95 year lease of one lot to Mr. Joyner's predecessor in interest. As a result of the lease, Mr. Joyner pays Ms. Davis rent which is minimal by today's standards.
In 1951 Mr. Joyner's predecessor subleased the lot to a subtenant, Mr. Leonard. Mr. Leonard constructed or renovated a building on the lot sometime prior to 1956. This resulted in the west wall of the building encroaching slightly across the boundary line onto the Davises' other lot. Whether Mr. Leonard constructed the encroachment with the consent of Ms. Davis' mother (Ms. Davis' father having died before that time) is uncertain. But in any event, Ms. Davis' mother did sanction the encroachment by executing an unrecorded lease in favor of Mr. Leonard allowing him to use the small strip of land underlying the encroachment. The latter lease expired in 1971, at the same time Mr. Leonard's sublease expired, and was not renewed.
By 1972 the interested parties had changed. Ms. Davis had succeeded to her mother's interests in both lots. Mr. Leonard had died, and Atlantic Las Olas had succeeded to Mr. Leonard's interests as subtenant. When Mr. Leonard's sublease expired, Atlantic Las Olas obtained a new sublease from Mr. Joyner.
In 1972 Ms. Davis notified Mr. Joyner and Atlantic Las Olas that they were trespassing on the lot adjoining theirs by using the encroaching portion of their building and requested that they stop. This was the first time Ms. Davis or her mother informed Mr. Joyner or his predecessors in interest that the building encroached. Previously, Ms. Davis' mother had dealt directly with Mr. Leonard, the subtenant, concerning the encroachment, notwithstanding that the tenant was the one paying her the rent on the primary lot and that the tenant may have had a right to insist that Mr. Leonard keep the building within the boundaries of that lot.
When the appellees continued to use the encroachment, Ms. Davis filed suit. She sought damages and requested that the appellees be enjoined from exercising use and possession of approximately the rear foot and one-half of the building and its rear wall. The trial court refused to enjoin future use of the building but awarded Ms. Davis damages in the amount of the reasonable rental value of the encroached upon property from October 1971 through March 1979. Neither party appealed the damages award, and therefore we are faced only with the question of whether the trial court erred in refusing to issue an injunction.
The decision to grant or deny injunctive relief rests largely in the sound judicial discretion of the trial court. State Road Department v. Newhall Drainage District, 54 So.2d 48, 50 (Fla. 1951); Gasparilla Inn Inc. v. Sunset Realty Corp., 358 So.2d 234 (Fla. 2d DCA), cert. denied, 364 So.2d 893 (Fla. 1978). Ordinarily, a trial court's decision to grant or deny an injunction will not be disturbed on review, unless the decision is contrary to some rule of equity or the result of an improvident exercise of judicial power. Baboun v. Royal Atlas Corp., 287 So.2d 407 (Fla. 3d DCA 1973).
*1195 In deciding whether to issue an injunction in a particular case, a trial court must consider the totality of the circumstances and determine whether injunctive relief is necessary to achieve justice between the parties. See Do Couto v. ITT Community Development Corp., 347 So.2d 1059 (Fla. 1st DCA 1977), cert. denied, 357 So.2d 186 (Fla. 1978); Ortega Co. v. Justiss, 175 So.2d 554 (Fla. 1st DCA 1965). This well-settled maxim of equity jurisprudence is summarized in § 936 of the Restatement (Second) of Torts (1979):
(1) The appropriateness of the remedy of injunction against a tort depends upon a comparative appraisal of all of the factors in the case, including the following primary factors:
(a) the nature of the interest to be protected,
(b) the relative adequacy to the plaintiff of injunction and of other remedies,
(c) any unreasonable delay by the plaintiff in bringing suit,
(d) any related misconduct on the part of the plaintiff,
(e) the relative hardship likely to result to defendant if an injunction is granted and to plaintiff if it is denied,
(f) the interests of third persons and of the public, and
(g) the practicability of framing and enforcing the order or judgment.
The above passage accurately reflects the law in Florida.
Even this brief survey of the rules governing equitable injunctions reveals that the trial court properly exercised its discretion by denying injunctive relief. The totality of circumstances, especially the factors discussed below, indicates that injunctive relief would have been inappropriate in this case.
The first factor we consider particularly important in this case is the balance of the relative hardships to the parties. The proper measure is the harm the defendants will suffer by the issuance of an injunction balanced against the harm the plaintiff will suffer by a denial. See Restatement (Second) of Torts § 941 (1979). Intertwined in this balance are other factors, viz., the nature of the interest the plaintiff seeks to protect and the adequacy of other remedies.
In this case the plaintiff, Ms. Davis, does not want the encroachment removed. She owns all the underlying property and so it is to her advantage to have the building remain intact. Moreover, the appellees readily admit that Ms. Davis owns all the underlying property and thus she is in no danger of losing title by a claim of adverse possession. Furthermore, Ms. Davis does not assert that she should have the right to use the small portion of the interior of the building which encroaches. All she wants is to prevent the appellees from using it. We are at a loss to discover any legally cognizable harm that Ms. Davis will suffer because injunctive relief has been denied. By contrast, the appellees would suffer substantial inconvenience if they were forced to remodel the building.
The second factor, which we consider particularly important, is the lapse of time that has occurred since this encroachment was constructed and the prejudice the landlord and her predecessors have caused to the tenant's rights. The primary tenant and his predecessors were not informed of the encroachment until sixteen years after the building's construction. During that sixteen year period essential witnesses have died and evidence has disappeared. Surely the appellees have been prejudiced. Had the landlord sought to prevent the use of the encroachment in 1956, a court might or might not have granted injunctive relief depending on the totality of the circumstances then existing. The proof of those circumstances has now disappeared. In addition, if the landlord had not chosen to deal directly with the subtenant and had not neglected to inform the tenant of those dealings, then the tenant might have been able to seek recourse against the subtenant that constructed the encroachment. That subtenant is now dead and gone.
*1196 To summarize, we hold that considering the totality of the circumstances in this case, and considering the balance of equities between the parties, the inescapable conclusion that follows is that the injunction sought by Ms. Davis would have been both unjust and unfair. Therefore, we affirm the trial court's refusal to grant injunctive relief.
ANSTEAD and GLICKSTEIN, JJ., concur.