543 So.2d 863 (1989)
Irene J. ARCHER and Irene Joan Archer, Appellants,
v.
Sidney LEVY and Sandra Levy, Appellees.
No. 88-2350.
District Court of Appeal of Florida, Third District.
May 23, 1989.
*864 Daniel P. Tunick, Miami, for appellants.
Lapidus & Frankel and Robert Frankel, Miami, for appellees.
Before BARKDULL and COPE, JJ., and JOSEPH P. McNULTY, Associate Judge.
BARKDULL, Judge.
This is an appeal from a final judgment[1] which in effect took a six foot strip of land *865 along the north side of appellant's property destroying its future "build-ability" and ordering that it be deeded to the abutting property owners so that they could continue an existing tennis court, which they had never used.
Lots 3, 4, and 5, prior to this suit, had a common owner who constructed a tennis court on Lot 3. However, six feet of that court encroached on Lot 4. In 1983 the defendants/appellants, Irene J. Archer and Irene Joan Archer (mother and daughter), acquired title to Lots 4 and 5. One day prior to the public auction sale of Lot 3, Irene filed a Notice of Encroachment claiming that the real property being offered for public sale encroached upon her property by five feet. The next day an auction (pursuant to a Federal court order) was held and the Levys successfully bid on Lot 3. After the sale they learned of the Notice of Encroachment, and sought a rescission in Federal circuit court, which relief was denied. Levy v. United States, 10 Cl. Ct. 602 (1986).
The Levys then instituted the present action seeking declaratory relief in connection with the tennis court property encroachment. The trial court entered judgment favoring the Levys, effectively deeding the six feet to them and giving compensation to the Archers in the amount of $3,100. This appeal ensued.
The appellants contend that the trial court erred in that the Levys were on constructive notice of the encroachment at the time they bid on the property, that the trial court erred in its so-called balancing of the equities, and lastly, that the trial court has used the power of eminent domain to condemn private property for a private purpose, contrary to the applicable constitutional law. We reverse.
Clearly pursuant to the provisions of Section 695.11, Florida Statutes (1983), the Levys, as the prospective purchasers at the public sale were on notice of the encroachment. Further, the Levys had a responsibility to determine the extent of the property they were bidding on. A purchaser at a public sale has a duty to determine the extent of the property offered for sale. See and compare Cape Sable Corporation v. McClurg, 74 So.2d 883 (Fla. 1954); Lindsley v. Phare, 115 Fla. 454, 155 So. 812 (1934). The trial court did not balance any equities in this case because the Levys never had any equity right to the use of a portion of Lot 4. Further, the evidence clearly indicates a standard tennis court is normally fenced. The court itself has a width of 36 feet and there are 10 foot sidelines on each side of the court which are out-of-bounds. Thus a standard size court can be erected on Lot 3, which is fifty feet wide, which would leave the out-of-bounds area between the sideline to a fence on the perimeter of the lot of seven feet. The reduction in this out-of-bounds area by 30% would not prevent a playable tennis court on Lot 3. In the cases relied on by the trial court in its order, the encroachment had existed in one case for some twenty years and in another case for some fifteen years, and the encroaching party had made utilization of the encroachment for a number of years. No such fact pertains in the instant case, and lastly, we have been cited to no law that permits a taking of private property for a private use contrary to the constitutional provision of Article 10, § 6(a) Constitution of the State of Florida.
Therefore, for the reasons stated, we reverse the final judgment under review with directions to dismiss the cause at the cost of the plaintiffs in the trial court.
Reversed and remanded with directions.
NOTES
[1] The final judgment reads as follows:

"The within suit involves a dispute over a 6 ft. strip of Land. A common ancestor in title owned Lots 3, 4 & 5 and constructed a tennis court on part of his property. Being indifferent to the exact location of the court, it was constructed on Lot 3 plus 6 ft. of Lot 4.
Title was subsequently changed to the Defendants in 1983 to Lots 4 and 5 and in 1985 to Plaintiffs for Lot 3. The Plaintiff purchased from the U.S. Government a house on lots not involved herein (across the street) and Lot 3. On the day before the auction, Defendant, by pacing off her property, decided that 5 feet (her feet were short by one foot) of the tennis court was on her property. She filed a homemade Notice of Encroachment in The Public Records of which Plaintiffs were actually unaware of such recordation at the time of sale.
Counsel have cited the Court to language of various opinions as descriptive of the factual situation; i.e. `"... an incongruity arising out of an imbroglio and caused by an anomaly."' Mendelson v. Mendelson, 341 So.2d 811 (Fla. 2nd DCA 1977), and `"chuzpah"' GNLV v. Featherstone, 504 So.2d 63 (Fla. 4th DCA 1987). Neither is of assistance in reaching a result; though this Court is appreciative of the citations and will most assuredly plagiarize them in an appropriate situation.
Adverse possession is the usual basis for a determination of boundary disputes, but it has no application to the within facts since there is neither color of title nor the requisite years. Nor does the usual understanding of what is meant by boundary by acquiescence apply.
However, Courts exist to do Justice, regardless of the title applied to the vehicle used to achieve the result. And if such vehicle does not exist, then it falls upon the Court to be innovative. The tennis court and its surrounding fence is of no value to anyone minus the 6 feet of encroachment; the Plaintiffs would be unable to play tennis on the narrow court remaining, and the Defendants would not be able to even play Bocci. Somehow the Court must fashion a balancing of the respective interests so that no matter how the ball bounces, the net result will be that neither party will be out of bounds. Applying the logic of the Supreme Court in Johnson v. Killian, 157 Fla. 754, 27 So.2d 345 (1946), and of the Fourth District Court of Appeal in Davis v. Joyner, 409 So.2d 1193 (Fla. 4th DCA 1982) the Court feels that justice requires deeding of the six feet of earth, (longer and wider that the usual plot in which Man must ultimately recline) to the Plaintiffs and adequate compensation for such taking to the Defendants.
Whether such result is incongruous, anomalous or just plain chutzpah-ish will be left to a higher authority. In this Court's opinion, it is just and fair. Though doubtless this opinion will never bring the score between these neighbors to Love, it will end game, set and match.
Therefore, this Court ORDERS and ADJUDGES that Judgment be and is hereby entered in favor of the Plaintiffs requiring the Defendants to convey the six feet by appropriate deed simultaneously with receipt of a cashier's check for $3,100 which the Court finds is the reasonable value of said property.
The Court reserves jurisdiction to enforce this judgment."