PER CURIAM.
U.S. 1 Office Corp. and Harold Kessler appeal from a nonfinal order granting Falls Homes Furnishings, Inc.’s, application for a temporary injunction. We affirm.
Falls has recently relocated its furniture store to U.S. l’s building. In a suit also claiming breach of a lease contract and trespass to personal property, Falls has obtained an order enjoining U.S. 1 from further interfering with the placement of a sign advertising Falls’ furniture store on U.S. l’s building. Such preliminary injunctive relief requires (1) the likelihood of irreparable harm and unavailability of an adequate remedy at law, (2) the substantial likelihood of success on the merits, (3) that the threatened injury to the petitioner outweigh any possible harm to the respondent, and (4) that the granting of the preliminary injunction will not disserve the public interest. Graham v. Edwards, 472 So.2d 803, 806 (Fla. 3d DCA 1985), rev. denied, 482 So.2d 348 (Fla.1986). Only the first element, the likelihood of irreparable harm and the unavailability of an adequate remedy at law, merits discussion in this appeal.
The trial court did not abuse its discretion in granting the temporary injunction based upon its finding that in the absence of the injunction, irreparable harm without a legal remedy would result. See Wise v. Schmidek, 649 So.2d 336 (Fla. 3d DCA 1995) (trial court may exercise broad discretion in granting injunctions and this court will not disturb the trial court’s decision unless a clear abuse of discretion is demonstrated). While as a general rule, “an alleged loss of business will not support a finding of irreparable harm,” State Dep’t of Transp. v. Kountry Kitchen of Key Largo, 645 So.2d 1086 (Fla. 3d DCA 1994), evidence of the potential destruction of a business, without a track record from which to calculate the potential loss and with harm of a continuing nature, may in some cases provide sufficient indicia of irreparable harm to support temporary injunctive relief. See, e.g., Fountainebleau Hotel Corp. v. Kaplan, 108 So.2d 503, 505 (Fla. 3d DCA 1959) (affirming injunction enforcing lease provision that hotel/lessor refer all guest inquiries for physician services to doctor/lessee where “[t]he proof of damages for [a violation of the provision] could be extremely difficult as the doctor may never know of requests for medical attention which were referred elsewhere”). The record here supports the conclusion that Falls faced the destruction of its business without the opportunity to apprise potential customers of its new location, that it would be difficult to find a basis from which to calculate Falls’ damages in the absence of a track record at the new location, and that this harm was ongoing.
The trial judge’s extraordinary step of visiting the site of the business further indicates that the trial court endeavored to “consider the totality of the circumstances and determine whether injunctive relief is necessary to do justice between the parties.” Davis v. *211 Joyner, 409 So.2d 1193, 1195 (Fla. 4th DCA 1982).
Affirmed.