706 So.2d 347 (1998)
COSMIC CORP., d/b/a Coco's Lounge, and Ian Davis, Appellants,
v.
MIAMI-DADE COUNTY, and City of North Miami, Appellees.
No. 97-3179.
District Court of Appeal of Florida, Third District.
January 21, 1998.
Rehearing Denied March 25, 1998.
*348 Adorno & Zeder, and Marlon A. Hill, Tallahassee, and Raoul G. Cantero, III, Coconut Grove, for appellants.
Robert A. Ginsburg and Thomas H. Robertson and Shubin & Bass and Pedro P. Echarte, Jr., Miami, for appellees.
Before COPE, SHEVIN and SORONDO, JJ.
SHEVIN, Judge.
Cosmic Corp. and Ian Davis appeal a temporary injunction entered in favor of Miami-Dade County and the City of North Miami (collectively "municipalities"). We reverse.
The record demonstrates that the municipalities did not meet their burden to warrant issuance of the injunction. A temporary injunction should only be granted where there is a showing of
(1) the likelihood of irreparable harm and the unavailability of an adequate remedy at law, (2) the substantial likelihood of success on the merits, (3) that the threatened injury to petitioner outweigh any possible harm to the respondent, and (4) that the granting of the preliminary injunction will not disserve the public interest.
U.S. 1 Office Corp. v. Falls Home Furnishings, Inc., 655 So.2d 209, 210 (Fla. 3d DCA 1995); Graham v. Edwards, 472 So.2d 803, 806 (Fla. 3d DCA 1985), review denied 482 So.2d 348 (Fla.1986).
The municipalities failed to show a substantial likelihood of success on the merits of the litigation where, as here, there appears to be merit in Cosmic's argument that it is grandfathered in under the Dade County Code and any argument to the contrary may be estopped because of the County's actions, which include the issuance of at least two separate Certificates of Occupancy.
The settlement agreement between Cosmic and the County provides that if Cosmic fails to proceed to a public hearing, it will "terminate all operations at the premises described in the Third Party Complaint which would be in violation of the provisions of Chapter 33, Metropolitan Dade County Code...." Based on the verified pleading now before us, Cosmic's position is that its use of the business premises is grandfathered in under the Dade County Code. That being so, Cosmic's use of the business premises would not be in violation of the provisions of Chapter 33. Based on the record before us, the Certificate of Occupancy may have been improvidently revoked, and the trial court erred by entering the temporary injunction directing Cosmic to cease operations.
Although the foregoing is fatal to the temporary injunction, we conclude that the balance of harms weighs in favor of Cosmic as well. No evidence was presented to demonstrate that the municipalities would suffer greater harm than Cosmic should the injunction request be denied. Here, there is an ongoing business of many years which, in the *349 judgment of the County's zoning staff, qualified for a Certificate of Occupancy. Cosmic is, so far as the present record shows, in compliance with the Code. Cosmic had abandoned its expansion plans which triggered the requirement for a public hearing.
Accordingly, we reverse the temporary injunction and remand the cause for further proceedings.
COPE, J., concurs.
SORONDO, Judge, specially concurring.
I concur with the result reached by the majority but write separately to explain that, in my view, the only showing necessary for the issuance of the requested injunction the County has failed to establish is that the threatened injury to Miami-Dade County outweighs the possible harm to Cosmic Corp., d/b/a Coco's Lounge and Ian Davis.
The record reflects that Coco's Lounge has been operating at its present location for several years. Allowing it to continue operating while the issues in this case are litigated will maintain the status quo which has existed for a considerable amount of time. The injunction entered below, however, could, depending on how long it is in effect, have a devastating financial impact on the business. For this reason, and this reason alone, I agree that the decision of the trial judge must be reversed.