ROTHENBERG, J.
State Investment Holding, Inc. (“SIH”) appeals the trial court’s nonfinal order denying its motion for entry of a temporary injunction, which sought: a (1) finding that the quit-claim deed recorded by appellee Merrick Partnership, LLC (“Merrick”) was not a valid conveyance, and therefore, SIH remains the owner of the property; and (2) to enjoin the appellees from exercising any rights of ownership as to the property. Based on the evidence presented and the representations made by the appellees through their counsel, we find no abuse of discretion, and thus we affirm.
SIH’s lawsuit concerns commercial property originally encumbered by two mortgages, which were both in foreclosure: a first mortgage held by Mercantile Commerce Bank, N.A. (“Mercantile”); and a second mortgage held by S & G Financial Services of South Florida, Inc. (“S & G”). In 2009, a settlement was negotiated to resolve both foreclosure actions. SIH’s obligations to Mercantile and S & G were satisfied; S & G and CMA Florida Holdings, LLC (“CMA”), refinanced SIH’s indebtedness; and the foreclosure actions were dismissed with prejudice. Pursuant to the settlement agreement, SIH was required to execute a new mortgage with S & G with a first priority lien encumbering the property, and a new mortgage with CMA, which was to receive a second priority lien encumbering the property. The refinancing of the property was conditioned on SIH’s executing a quit-claim deed on the property, and an escrow agreement providing that in the event of a default in SIH’s payments, the quit-claim deed would be recorded.
Without belaboring the point, it is alleged that SIH defaulted, and thereafter, the quit-claim deed was recorded, thereby passing ownership from SIH to Merrick Partnership, LLC. SIH claims the quitclaim deed did not lawfully convey title to the property to Merrick. SIH contends the quit-claim deed was provided as security for the repayment of SIH’s indebtedness to Merrick and CMA, and as such SIH is entitled to the benefits and protections of section 697.01, Florida Statutes (2011), which provides as follows:
Instruments deemed mortgages
(1) All conveyances, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money, whether such instrument be from the debtor to the creditor or from the debtor to some third person in trust for the creditor, shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages.
SIH contends the quit-claim deed was given as security for the payment of its debt and thus it must be deemed a mortgage and made the subject of a mortgage foreclosure action. Accordingly, SIH argues the quit claim deed cannot be used to terminate its interest in the property without the protections and benefits of a mortgage, including a judicial determination that SIH defaulted under its mortgages. SIH therefore seeks Declaratory Relief in Count I that the quit-claim deed did not lawfully convey title to Merrick or to CMA; Slander of Title in Count II; dam *234 ages and injunctive relief under Chapter 501 for Deceptive and Unfair Trade Practices in Count III; and Injunctive Relief in Count IV enjoining the appellees from selling or encumbering the property, collecting rent from any of the tenants, threatening any tenant with eviction, or exercising any rights or privileges of ownership as to the property.[1]
To obtain injunctive relief, SIH was required to establish: (1) the likelihood of irreparable harm and the unavailability of an adequate remedy at law; (2) a substantial likelihood of success on the merits; (3) the threatened injury outweighs any possible harm to the appellees; and (4) the entry of the injunction would serve the public interest. Cosmic Corp. v. Miami-Dade Cnty., 706 So.2d 347, 348 (Fla. 3d DCA 1998). The trial court has broad discretion in granting, denying, dissolving, and modifying injunctions, Wise v. Schmidek, 649 So.2d 336, 337 (Fla. 3d DCA 1995), and the trial court’s ruling on a temporary injunction must be affirmed absent a clear abuse of discretion. Cohen Fin., LP v. KMC/EC II, LLC, 967 So.2d 224, 226 (Fla. 3d DCA 2007).
After conducting an evidentiary hearing on SIH’s motion for entry of a temporary injunction, the trial court denied the motion. Although the trial court did not identify its reason or reasons for denying SIH’s motion for a temporary injunction, we affirm on the basis that SIH failed to satisfy its burden of demonstrating the likelihood of irreparable harm. The appellees represented both to the trial court and this Court that they will not transfer or encumber the property without court approval and they have not sought such approval. We take the appellees at their word, and unless or until the appel-lees seek court approval, or they violate the representations made, no irreparable injury has been shown.
We additionally note that the trial court has not yet made any findings regarding the legal validity or effect of the quit-claim deed, nor whether SIH is entitled to the rights and benefits of section 697.01. In other words, the trial court has not yet ruled on whether the quit-claim deed may operate as a transfer of SIH’s ownership interest in the property without a foreclosure action and a judicial determination of the issues. Although SIH asks this Court to make those determinations, we decline the invitation as we are a Court of judicial review and such determinations are for the trial court to make.
Affirmed.

. There are various other causes of action alleged in the complaint which are not relevant to this appeal.