# Third District Court of Appeal

## State of Florida

Opinion filed September 20, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1503
Lower Tribunal Nos. 16-231, 13-3811

_____

**David J. Landau, as Trustee of the Flois N. Landau Trust dated January 23, 2002, as Amended,**
Appellant,

vs.

**Susan L. Landau,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Maria M. Korvick, Judge.

Kaplan Young & Moll Parrón and Matthew Seth Sarelson, for appellant.

Carlton Fields Jorden Burt, P.A., and Jose A. Loredo, Nancy C. Ciampa and Heather M. Jonczak, for appellee.

Before SALTER, LOGUE and SCALES, JJ.

SALTER, J.

This is an expedited appeal from an order freezing the assets of a trust created by Flois Landau, the late wife of the appellant and mother of the appellee. The appellant, David Landau, became trustee of the trust (and personal representative of his late wife's estate) when his wife passed away in 2013, and he is the lifetime net income beneficiary of the trust. The appellee, Susan Landau, and two other children of Flois Landau, are the three qualified remainder beneficiaries entitled to equal shares of the remaining net trust assets upon the death of David Landau.

The terms of the trust allow David Landau to distribute to himself (a) quarterly, the net trust income, and (b) amounts of principal "not to exceed the greater of $5,000.00 or 5% of the value of the principal of the trust" on the first day of December each year, on a non-cumulative basis. In addition, David Landau may pay additional amounts to himself determined to be necessary for his "health, support and maintenance," in his "accustomed manner of living," subject to a limitation that any determination that such a payment is "necessary" must take into account all his income and assets.

Susan Landau became increasingly concerned when David Landau failed to effectuate the transfer of some $2,000,000.00 in estate assets to the trust pursuant to an order entered in Flois Landau's probate case. She requested information regarding the assets and copies of the annual trust accountings required by sections

736.0813 and 736.08135, Florida Statutes (2016). When this information was not forthcoming, in January 2016 Susan Landau filed a verified complaint to compel trust accountings.

The following month, David Landau filed an answer conceding that he had not filed the required annual accountings. When David Landau provided an unsigned trust accounting in March 2016 (for calendar year 2015), the document did not reflect an asset valued at approximately $1,000,000.00 (despite the probate court order authorizing transfer from Flois Landau's estate to the trust). That unsigned accounting also showed, without explanation, distributions far exceeding the Trust's net income for the year.

Thereafter, Susan Landau moved to amend her verified complaint to add counts for breach of trust, removal of trustee, and a temporary injunction to freeze assets of the trust based on David Landau's alleged breaches of his fiduciary duties. She also moved for an order prohibiting David Landau from paying attorney's fees or costs from the trust.[1] At a hearing in February 2017, Susan Landau contended that David Landau had made excessive distributions to himself, failed to file tax returns for the trust, made excessive payments of attorney's fees, and failed to supply proper 2015 and 2016 trust accountings.

---

[1] No such payments had been authorized by the court, and David Landau had not served any notice of intent to pay such fees or costs from the trust as required by section 736.0802(10)(b), Florida Statutes (2017).

3

The trial court confirmed at the February hearing that David Landau's counsel would advise him "appropriately as to the importance of complying with all statutes including trust accounting, the filing of taxes." Despite this gracious deferral to permit David Landau to comply, when a continued hearing was conducted in May 2017, David Landau still had not filed or served a 2016 accounting, the deficient 2015 trust accounting had not been corrected, and tax returns for both 2015 and 2016 had not been filed. Further, David Landau had not reopened the Flois Landau estate to permit the conveyance of trust assets into the trust.

The trial court then ordered the trust assets frozen until David Landau completed and filed the 2016 trust accounting. This appeal followed. A day after he filed the notice of appeal of the freeze order, David Landau filed the 2016 trust accounting.

Analysis

We review the order as an injunction to preserve assets of the estate and the trust for the protection of the ultimate beneficiaries. We will affirm the order absent a clear abuse of discretion. State Inv. Holding, Inc. v. Merrick P'ship, LLC, 103 So. 3d 232 (Fla. 3d DCA 2012). David Landau's conceded failure to file timely and accurate annual accountings with the beneficiaries was a breach of

4

his duty to the beneficiaries.  <u>McCormick v. Cox</u>, 118 So. 3d 980, 986-87 (Fla. 3d DCA 2013).

We reject David Landau's argument that the order freezing trust assets violated due process and applicable rules.  The probate court's inherent jurisdiction to protect the assets under its supervision is well established.  <u>In re Estate of Barsanti</u>, 773 So. 2d 1206, 1208 (Fla. 3d DCA 2000); <u>Estate of Conger v. Conger</u>, 414 So. 2d 230 (Fla. 3d DCA 1982).  Susan Landau's pleadings clearly apprised David Landau of the claims against him and the relief sought.

Affirmed.